**UNITED STATES of America,
Plaintiff,**

**v.**

**Richard A. CARIGNAN and Roger R.
Carignan, Defendants.**

**Crim. A. No. 64–131–J.**

United States District Court
D. Massachusetts.

June 19, 1967.

W. Arthur Garrity, Jr., U. S. Atty., A. David Mazzone, Edward Lee, Asst. U. S. Attys., for the United States.

Joseph S. Oteri, Boston, Mass., for Roger Carignan.

Monroe L. Inker, Kevin M. Keating, Boston, Mass., for Richard Carignan.

## MEMORANDUM

JULIAN, District Judge.

The defendant Roger R. Carignan has brought a motion for the return and suppression as evidence of certain property seized by FBI agents at the premises of 171 Gerrish Avenue, Dracut, Massachusetts, on May 15, 1964. A hearing was held, and on the basis of the evidence presented I make the following findings of fact.

On May 15, 1964, Agents Rico and Sweeney of the Federal Bureau of Investigation met with an Assistant United States Attorney. It was decided that application would be made for a search warrant on the basis of an affidavit signed by Rico. A search warrant was prepared stating the name of Rico as affiant. However, subsequent to the preparation of the search warrant and affidavit, it was determined that Sweeney had a more complete personal knowledge of the history of the investigation and would be able to give a more detailed affidavit. As a result, a new affidavit was prepared for the signature of Sweeney. Due to an oversight, mistake or carelessness, the original search warrant was not changed to reflect that Sweeney, and not Rico, was the supporting affiant.

The search warrant and new affidavit were attached together and brought to United States Commissioner Nelligan, where Sweeney signed the affidavit under the oath administered to him by the Commissioner. The Commissioner thereupon issued the search warrant for the premises of 171 Gerrish Avenue, and an arrest warrant for Roger Carignan.

At about 7 p. m. Sweeney and several other agents arrived at the premises in Dracut, a one-family dwelling which was the home of the defendant's mother. The defendant was also living there at this time and kept personal belongings in his bedroom on the second floor. Sweeney went to the side entrance and knocked. He identified himself to the defendant's sister, who came to the door, and told her that he had an arrest warrant for Roger and a search warrant for the house. She admitted Sweeney to the kitchen. Shortly thereafter the defendant and his mother, Mrs. Langlais, came into the kitchen.

At about 7:08 p. m. Agent Whalen came into the room with two other agents and placed Roger under arrest. At 7:10 p. m. Agents Condon, Schwotzer and Scott went upstairs with Mrs. Langlais to search Roger's room. At 7:20 p. m. Agents Whalen, Sheehan and Keough took Roger out to an FBI car and drove him to the FBI office on Atlantic Avenue in Boston. Thereafter, at about 7:46 p. m., Agent Condon found a radio in the closet of Roger's upstairs bedroom. On opening the back of the radio he found cash amounting to $30,800.

The defendant was indicted for armed robbery of the Arlington Trust Company, Jackson Street Branch, in violation of 18 U.S.C. § 2113(a) and (d). He has brought this motion for the return and suppression as evidence of the money, the radio, and certain other goods that were taken from the premises at that time.

In denying a previous motion by the government to correct the name of the affiant on the search warrant I reached the following conclusions which are equally pertinent here:

The requirements for the issuance of a search warrant are specifically and unambiguously stated in Rule 41(c) of the Federal Rules of Criminal Procedure. The warrant "shall state the grounds or probable cause for its issuance and the names of the persons whose affidavits have been taken in support thereof." As the Court of Appeals for the Fourth Circuit stated in King v. United States, 1960, 282 F.2d 398,

> "Giving a name other than the affiant's is not compliance. It is established law that the warrant would be fatally defective if no name were mentioned. * * * It would be an anomaly if it could be said that the rule has been obeyed when, instead of omitting the affiant's name altogether, another person's name is deceptively substituted."

■ It is true that in the *King* case the affiant purposely misstated her name, and that in the present case the misstatement of the name on the warrant was due to an oversight, mistake or carelessness. Nevertheless, the end result is the same. In either case the search warrant does not state the name of the person whose affidavit has been taken in support thereof, and the clear requirement of Rule 41 is not met. The search of the premises, therefore, was not made pursuant to a valid search warrant.

■ Neither could the search be sustained as incident to a lawful arrest. The defendant had been taken well away from the house approximately 26 minutes before the search of his bedroom disclosed the money and radio.[1]

■ Finally, this is not a case in which the immediacy of the situation

---

1. The government has presented no evidence as to when or where the other items seized and inventoried on the return of the search warrant were found. On a motion to suppress evidence seized without a valid search warrant, the burden is on the government to show that the seizure was supportable as incident to a lawful arrest, or on some other valid ground.

would have prevented the police from obtaining a valid search warrant, such as the search of a movable vehicle.

I conclude, therefore, that the search and seizure cannot be sustained on any valid ground. The motion for suppression of the goods seized as evidence is granted. That part of the motion seeking return of the property, however, is not granted pending further proceedings in this case.