No. 25002.

THE PEOPLE OF THE STATE OF COLORADO *v.* CRAIG F. FERRIS
AND MARY K. GAEBL.
(480 P.2d 552)

Decided February 8, 1971.

Duke W. Dunbar, Attorney General, David L. Wood, District Attorney, Loren B. Schall, Deputy, for plaintiff-appellee.

Fischer and Beatty, Robert N. Miller, for defendants-appellants.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

This is an interlocutory appeal of a trial court ruling which denied the defendants' motion to suppress as evidence certain narcotics obtained at a residence which was searched pursuant to a search warrant. We affirm the trial court's ruling.

On June 26, 1970, Robert E. Lambert, a detective of the Fort Collins Police Department, upon an affidavit executed by him, obtained a search warrant authorizing a search of a house at 1610 Peterson Place, Fort Collins, Colorado for narcotics and dangerous drugs. Marijuana and L.S.D. were found.

The defendants, who resided at the premises searched,

urge reversal of the trial court's ruling on the basis of certain claimed deficiencies in the search warrant and the assertion that the affidavit in support of the search warrant failed to show probable cause. Because we find little, if any, merit to the various arguments advanced by the defendants, we deem it unnecessary to burden this opinion with any in depth discussion. Brief comments on some of the alleged inadequacies of the search warrant will suffice in this case.

■ The defendants state that the search warrant was invalid because it did not set forth a copy of the supporting affidavit as required by 1965 Perm. Supp., C.R.S. 1963, 48-5-11(3). We recently declared this section of the statute unconstitutional and held that the validity of a search warrant is to be judged in accordance with Crim. P. 41, which does not require that the affidavit be copied into the search warrant or attached thereto. *People v. Leahy,* 173 Colo. 339, 484 P.2d 778.

■ Next, the defendants assert that the search warrant was deficient and therefore void because it did not state the names of the persons whose affidavits were taken; nor, did it state the grounds or probable cause for its issuance as required by Crim. P. 41(c). The following quoted language from this search warrant does, in our view, fully set forth the information required by Crim. P. 41(c):

"[T]o all Sheriffs and Peace Officers, Greetings: Whereas Robert E. Lambert hath this day made complaint on oath ... that certain property, to wit: narcotics or dangerous drugs are concealed in the house located at 1610 Peterson Place, Fort Collins, Colorado ... which complaint sets forth reasons which show that probable cause exists: We Therefore Command You ... to enter the house ... [and] search for the certain property...."

■ With reference to the above quoted language, the defendants also state that the warrant was improperly directed to "... all Sheriffs and Peace Officers ...." The defendants do not argue that an unauthorized officer

executed the search warrant but that to be a proper search warrant, it should have been directed to "any officer authorized by law to execute it in the County wherein the property is located" as required by Crim. P. 41(c). In other words, it is the defendants' contention that the warrant should have been specifically directed to officers in Larimer County, Colorado. In our view, it is implicit after considering all the language of the warrant that its direction or command was to officers in Larimer County, and that in this respect, it complies with Crim. P. 41(c).

▮ A date and certain words appearing on the face of the search warrant had obviously been changed. Erasure marks and insertions clearly appear. According to the defendants, this constitutes another reason for voiding this search warrant. The defendants argue that the prosecution had the burden to prove that these changes were made by the judge who issued the search warrant or with his consent. This argument is without validity under the facts here. The record reveals testimony by Detective Lambert that typing errors were made when the warrant was being prepared and that the corrections were made prior to the time it was presented to the issuing judge. With reference to the changes made on the face of the warrant, Detective Lambert also specifically testified that the warrant was not altered in any way after it was signed by the issuing judge, and the defendants presented no evidence to rebut this. Therefore, it appears clear from the record that the changes and modifications on this search warrant took place before it was signed and issued by the judge. Under these circumstances, the validity of the search warrant is not subject to challenge.

▮ Finally, the defendants complain that the affidavit by Detective Robert E. Lambert in support of the search warrant did not set forth sufficient facts to establish probable cause for the search of the premises. The affidavit involved here sets forth at length the various items

of information in the possession of Detective Lambert regarding the presence of narcotics and dangerous drugs at 1610 Peterson Place, Fort Collins, Colorado. Briefly, the affidavit sets forth that information was received from a confidential informant about the presence of narcotics and dangerous drugs at this address, and the fact that this address was a distribution point for narcotics and dangerous drugs. Based upon this information, the affidavit further states that the police officers conducted surveillance of these premises. On the evening of June 25, 1970, a van truck stopped across the street from 1610 Peterson Place, and the two male occupants entered this address. At a few minutes before midnight on the same date, four people were seen leaving the address and each were carrying sacks. They were observed loading sacks in the van. The van with the two male occupants then drove away. The other two persons, a male and female, re-entered the premises. Police officers followed the van and stopped it; whereupon, the two male occupants were placed under arrest. Three kilos of marijuana and 22 plastic bags containing suspected marijuana were found in the van. One of the male occupants of the van told the police that he and the others had been "combing out marijuana" at 1610 Peterson Place for the last five hours and that the residence is occupied by "Crag Farris and his wife" (the defendants here). The occupant of the van also stated that there was concealed in the basement of 1610 Peterson Place, two kilos of marijuana and that he had personally observed this marijuana at its place of concealment in the basement of these premises.

This affidavit presents ample and sufficient facts showing probable cause for the issuance of this search warrant. See *People v. Martinez,* 173 Colo. 17, 475 P.2d 340, and *People v. Schmidt,* 172 Colo. 285, 473 P.2d 698.

Ruling affirmed.