No. 24893.

THE PEOPLE OF THE STATE OF COLORADO *v.*
LARRY ELLIS SINGLETON.
(482 P.2d 978)

Decided March 22, 1971.

STANLEY F. JOHNSON, District Attorney 20th Judicial District, RALPH S. JOSEPHSOHN, Deputy, for plaintiff-appellee.

MARTIN and RIGGS, P.C., for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

THIS interlocutory appeal is brought by Singleton,

hereinafter referred to as the defendant, from an adverse ruling in the trial court on his motion to suppress evidence he alleges was obtained as a result of an illegal search and seizure. We affirm the trial court's ruling refusing to suppress the evidence found in the house, but reverse the ruling concerning evidence found in defendant's car.

Acting pursuant to a warrant dated June 17, 1970, officers of the Boulder Police Department, along with the county sheriff, entered a cabin located in the mountains west of Boulder, after receiving no response to their knock. All five of the occupants were found sleeping: two in beds, and three, including defendant, in sleeping bags on the floor. After the occupants were awakened and advised that the officers had a search warrant, a search of the cabin was commenced. Marijuana was found on the kitchen table, in a shopping bag in a kitchen cupboard, and in a mixing bowl. The five were placed under arrest and given their *Miranda* warnings.

When the search of the cabin was completed, the officers inquired as to whose Volkswagen automobile was parked outside the cabin. Defendant claimed ownership, and the car was searched. Three bags of marijuana and some bottles of marijuana seeds were found.

Defendant sought to have both sets of evidence against him suppressed. Regarding the evidence found in the cabin, defendant claims: (1) That the procedure used to execute the warrant was void as no copy of the affidavit was left at the scene as required by 1965 Perm. Supp., C.R.S. 1963, 48-5-11(3), and (2) that if the warrant is to be scrutinized under Crim. P. 41, it fails because: (a) it does not contain a statement of the grounds or probable cause for its issuance, (b) it does not contain the name of the person whose affidavit was taken in support of it, nor (c) does it designate whether it must be served only during the daytime or may be served anytime.

Regarding the evidence found in the car, defendant claims: (3) That the warrant did not include the car,

(4) that no consent was given for the officers to search the car, (5) that the search was not incident to defendant's arrest inside the cabin, (6) that the officers had no probable cause to search the car, and (7) that the less stringent rule applied for warrantless searches of automobiles should not be applied in this case.

## I.

In our recent opinion in *People v. Leahy*, 173 Colo. 339, 484 P.2d 778, we held 1965 Perm. Supp., C.R.S. 1963, 48-5-11(3) unconstitutional with the concomitant result that any warrant issued under its authority must be judged subject to Crim. P. 41, and not upon the requirements of the above cited statute. Rule 41 does not require that the affidavit be attached to the search warrant.

## II.

Defendant's first argument concerning the instant warrant's sufficiency under Crim. P. 41 is that it does not state the grounds or probable cause for its issuance. This is not the case. This warrant first disjunctively sets forth grounds 2 or 3 from Crim. P. 41(b), and then states that the issuing judge is "satisfied that there is probable cause." This rule was not intended to require the issuing magistrate to reiterate his mental process for reaching the result that probable cause exists, but rather to require only that he state that the result has been reached. This was done here.

Defendant's second arguement is that this warrant does not state the name of the person whose affidavit was relied on for issuance. The warrant reads in part, "To Robert C. Diezi . . ., *having this date filed an affidavit* . . ." We feel this language is sufficient to identify the affiant in the affidavit as Robert C. Diezi.

Defendant's final argument on this point is that the warrant is defective as it does not state whether it must be served in the daytime or may be served at anytime. It was in fact served at night. A form warrant was used in this case which contains two clauses enclosed by parentheses, one of which is obviously sup-

posed to be crossed out. The two clauses are: (during the daytime) (at any time). For some unknown reason, neither is crossed out in this warrant. Defendant argues that unless one is crossed out, the presumption under Crim. P. 41 is that the warrant may only be served during the daytime. We disagree. The presumption defendant seeks was the case under Colo. R. Crim. P. 41(c) which was in effect until April 1, 1970, when the current rule superseded it. By amending Crim. P. 41, it was our intention to reverse this presumption. Unless and until a warrant specifically indicates that it must be served in the daytime, it may be served at anytime.

### III.

We agree with the defendant that the warrant did not direct any automobiles outside the cabin be searched. Our review of the record also indicates that there was conflicting testimony regarding whether the defendant consented to a search of his car. The People conceded in their brief that the record discloses that no consent was given.

The first question requiring our review is whether this search of the car can be considered incident to the defendant's lawful arrest inside the cabin. The defendant was in custody, so there was no danger of *his* destroying any evidence in the car. The car was without the area authorized to be searched by the warrant. We therefore agree with the defendant that the search was not incident to the arrest. *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; *Preston v. United States,* 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777. *Cf. Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685.

The second matter raised by the defendant questions whether the officer who made the search and seizure had probable cause to do so. The trial court ruled that in this case the officer did have probable cause to search. We have said that where an officer believes he has probable cause to search and states his reasons, we

will not examine such reasons grudgingly, but will measure them by standards appropriate for a reasonable, cautious and prudent police officer trained in the type of investigation which he is making. Here, however, the police officer stated unequivocally in the record that he had no cause to believe that the car contained any contraband. Under this state of the record the search was exploratory only and cannot be sustained. On this disposition of the case, it is not necessary to discuss defendant's seventh allegation.

## IV.

This hearing on the motion to suppress was held in conjunction with the preliminary hearing. Arguments were raised, ruled on, and are discussed in the brief here which are not within the scope of our interlocutory appeal jurisdiction set forth in C.A.R. 4.1. While these matters may be raised on direct review after trial, we will not stray beyond the scope set forth in the rule on an interlocutory appeal.

The ruling of the trial court concerning evidence found inside the house is affirmed. The ruling concerning evidence found in defendant's car is reversed.