The PEOPLE of the State of
Colorado, Petitioner,

v.

Steven Charles McKINSTRY,
Respondent.

No. 92SA295.

Supreme Court of Colorado,
En Banc.

Jan. 11, 1993.

Alexander M. Hunter, Dist. Atty., Twentieth Judicial Dist., Bryan W. Quiram, Deputy Dist. Atty., Boulder, for petitioner.

Dixon and Snow, P.C., Steven Janiszewski, Denver, for respondent.

Justice MULLARKEY delivered the Opinion of the Court.

The People bring this interlocutory appeal, pursuant to C.A.R. 4.1, challenging the district court's suppression of evidence seized during a search of the residence of the defendant, Steven Charles McKinstry. The district court determined that the

search, although pursuant to a warrant, was illegal because not all of the requirements for the issuance of a warrant under Crim.P.Rule 41 and section 16-3-304, 8A C.R.S. (1986 Repl. vol.) had been met; specifically, the face of the warrant did not contain the name of the affiant. Upon consideration, however, we find that, despite the fact that the warrant facially did not conform to the literal requirements of Rule 41, the defendant's constitutional right to be free of unreasonable searches and seizures has not been violated. We therefore reverse the ruling of the district court.

### I.

On February 11, 1992, the defendant was arrested[1] and his residence searched pursuant to a warrant. Illegal drugs, drug paraphernalia and other items were seized by officers of the Boulder County Sheriff's Department. The face sheet of the warrant is a printed form on which the following language appears: "To _____, an officer authorized by law to execute search warrants within the County of Boulder, State of Colorado, having this date filed an affidavit for a search warrant ..." In the present case, no name was inserted in the blank but, instead, a handwritten line was drawn through the blank and a typed letter "y" was added after "an," making the phrase "any officer." The affidavit supporting the warrant was signed and submitted to a county judge by Detective Sharon Milligan of the Boulder County Sheriff's Office, who was one of the officers who later executed the warrant. When he signed the warrant, the judge initialled the affidavit and attachment to the warrant describing the items subject to the search. The warrant referred to the attachment, but not to the affidavit. When the warrant was executed and a copy left at the residence of the defendant, a copy of the affidavit did not accompany the warrant. The affidavit was included with the warrant when it was returned to the court after the search, although the two documents were not stapled together.

█ The defendant moved to suppress the drugs and other evidence found at his home, arguing that the warrant was invalid under Rule 41(d) and section 16-3-304 since it did not contain the name of the affiant on the face sheet. In agreeing with the defendant, the district court determined that strict compliance with the requirements of a search warrant is necessary in order not to nullify the express statutory requirement. Thus, the court held that the lack of a named affiant was fatal to the warrant. We reject this overly technical application of the warrant requirements. A proper affidavit was executed by an officer and reviewed by a judge before the search warrant was issued. Omission of the affiant's name on the face of the warrant was an immaterial variance. We therefore reverse the suppression order.

### II.

#### A.

In our analysis, we first turn to the warrant clause and the mechanism by which it is enforced. The Fourth Amendment of the United States Constitution provides that:

> The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Article II, section 7 of the Colorado Constitution closely follows the federal provision:

> The people shall be secure in their persons, papers, homes and effects, from

---

1. The charges were as follows: (1) Possession of twenty-eight grams or more of cocaine with intent to sell (§ 18-18-105, 8B C.R.S. (1986 Repl. vol.)); (2) Possession of a Schedule I controlled substance (§ 18-18-105, 8B C.R.S. (1986 Repl. vol.)); (3) Cultivation of marihuana (§ 18-18-106(8)(a), 8B C.R.S. (1986 Repl. vol.)); (4) Possession of marihuana with intent to sell (§ 18-18-106(8)(b), 8B C.R.S. (1986 Repl. vol.)); and (5) Possession of eight or more ounces of marihuana (§ 18-18-106(4)(b), 8B C.R.S. (1986 Repl. vol.)).

unreasonable searches and seizures; and no warrant to search any place or seize any person or things shall issue without describing the place to searched, or the person or thing to be seized, as near as may be, nor without probable cause, supported by oath or affirmation reduced to writing.

 This right to be free from unreasonable searches and seizures is well-protected. Should law enforcement officials conduct an unconstitutional search or seizure, any illegally obtained evidence is subject to the exclusionary rule which seeks to deter such wrongful action. *See, e.g., United States v. Calandra,* 414 U.S. 338, 348, 94 S.Ct. 613, 620, 38 L.Ed.2d 561 (1974); *People v. Fournier,* 793 P.2d 1176, 1179 (Colo.1990). The United States Supreme Court has asserted "that the police must, whenever practicable, obtain advance judicial approval of searches and seizures." *Terry v. Ohio,* 392 U.S. 1, 20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968). Therefore, in the absence of one of the recognized exceptions to the warrant clause, *e.g.* exigent circumstances or hot pursuit, a search made without a warrant is unlawful and any evidence resulting from that search may be suppressed.

 Likewise, a search made pursuant to an invalid warrant is also unlawful. In assessing the validity of the warrant, it is "to be tested in a 'common sense and realistic fashion.'" *People v. Lamirato,* 180 Colo. 250, 256, 504 P.2d 661, 664 (1972) (*quoting United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684 (1965)). This approach recognizes the fact that often officers operate in novel circumstances under various pressures including time constraints, and unintentional and immaterial mistakes may be made. Thus we have stated that "[t]he standard for determining whether a search warrant complies with constitutional requirements is one of practical accuracy rather than technical nicety." *People v. Ragulsky,* 184 Colo. 86, 88, 518 P.2d 286, 287 (1974).

 Therefore, highly technical attacks on warrants and affidavits are not well-received. *United States v. Bowling,* 351 F.2d 236, 237 (6th Cir.1965) (*citing Ventresca,* 380 U.S. at 108, 85 S.Ct. at 746). This is because "[a] grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." *Ventresca,* 380 U.S. at 108, 85 S.Ct. at 746. Our public policy is to encourage officers to obtain warrants.

 The traditional rationale underlying the doctrine of suppression supports this practical, as opposed to technical, approach. "[T]he sanction of the exclusionary rule is designed to effectuate guarantees against deprivation of *constitutional* rights." *People v. Hamilton,* 666 P.2d 152, 156 (Colo.1983) (*citing Calandra,* 414 U.S. 338, 94 S.Ct. 613) (emphasis added). Furthermore, "[v]iolations of statutory provisions are not *per se* violations of constitutionally protected rights." *Hamilton,* 666 P.2d at 156; *People v. Wolf,* 635 P.2d 213, 217 (Colo.1981). Thus, where an officer has obtained evidence in violation of a statute or regulation, the exclusionary rule is not triggered unless the unauthorized conduct also amounts to a constitutional violation. *Fournier,* 793 P.2d at 1179; *People v. Thiret,* 685 P.2d 193, 200 (Colo.1984). *See also United States v. Caceres,* 440 U.S. 741, 755, 99 S.Ct. 1465, 1473, 59 L.Ed.2d 733 (1979). This wary approach to the exclusionary rule is due to the fact that it operates as "a blunt instrument, conferring an altogether disproportionate reward not so much in the interest of the defendant as in that of society at large." *United States v. Dunnings,* 425 F.2d 836, 840 (2d Cir. 1969), *cert. denied,* 397 U.S. 1002, 90 S.Ct. 1149, 25 L.Ed.2d 412 (1970). In summary, the allegedly deficient warrant must be realistically assessed to determine if the deficiency impinges upon the defendant's constitutional rights and therefore triggers the suppression of evidence.

### B.

We now consider the statutory and rule requirements by which the state legislature and this court have sought to secure the

constitutional right to be free of unreasonable searches and seizures. We must determine whether failure to meet one of those requirements rises to the level of a constitutional violation, in light of the foregoing analysis.

Rule 41(d) states in part as follows:

(1) If the judge is satisfied that grounds for the application exist, or that there is probable cause to believe that such grounds exist, he shall issue a search warrant which shall:

(I) Identify or describe, as nearly as may be, the premises, person, place, or thing to be searched;

(II) Identify or describe, as nearly as may be, the property to be searched for, seized, or inspected;

(III) State the grounds or probable cause for its issuance; and

(IV) State the names of the persons whose affidavits of testimony have been taken in support thereof.

Section 16–3–304(1) contains the identical language. For ease of reference, we will refer to the rule in this opinion as meaning both the rule and the statute.

By a careful comparison to the relevant constitutional provisions cited above, we note that the requirements of Rule 41 pertaining to the face of the warrant are not all constitutionally mandated. Under the plain language of the constitutional provisions, only requirements (I) and (II) must be described in the warrant. The last two—stating the grounds for probable cause and the names of the affiants—are encompassed by the constitutional provisions, but neither constitution specifically requires that they appear on the face of the warrant. *See United States v. McCoy*, 478 F.2d 176, 179 (10th Cir.1973) (Fourth Amendment does not require that the name of the affiant be set forth in the warrant itself). *Cf. Dalia v. United States*, 441 U.S. 238, 255, 99 S.Ct. 1682, 1692, 60 L.Ed.2d 177 (1979) (United States Supreme

Court has found Fourth Amendment to require that warrant only describe things to be seized as well as place to be searched). Thus, in the present case, the fact that the affiant's name does not appear on the face sheet of the warrant is not a violation of any specific constitutional directive, and this point is conceded by the defendant and acknowledged by the trial court in its ruling.

## C.

We now shift our focus from the literal constitutional mandates to the purpose behind the enactment of the rule. The trial court stated in its ruling:

The requirement that the affiant's name appear on the warrant is one of only four clear elements required by the Legislature of the State of Colorado before a search warrant can be issued. If this Court were to rule that failure to comply with this explicit requirement is of no consequence, it would be nullifying the express wishes of the legislature.

Therefore the court found that the violation of one of the enumerated elements necessarily required suppression of the seized evidence. The defendant argues that the trial court did not err. Because the warrant lacked the affiant's name, the defendant contends that it is thereby insufficient on its face, and under Rule 41(e)(2), suppression is required.[2] The defendant argues that *People v. Singleton*, 174 Colo. 138, 482 P.2d 978 (1971) implies that suppression would have been required if the affiant's name had not appeared anywhere on the face of the warrant. In that case, however, we found the affiant's name on the face of the warrant and did not address that issue.

■ We disagree with the defendant's contention as to the necessity of strict compliance. The mere fact that the affiant's name does not appear on the face of the warrant, in our view, does not necessarily

**2.** The defendant does not argue, and thus we do not address, any insufficiency of the warrant based on the lack of the name of the executing officer, rather than the affiant. *See United States v. Soriano*, 482 F.2d 469 (5th Cir.1973)

(Any violation in form by omitting the name of executing officer from warrant was not a substantive violation; under the facts and circumstances, warrant was valid).

render the warrant insufficient on its face. That approach is too technical, and creates great tension with the principle discussed above that suppression is a drastic remedy that should be used discriminatingly. Thus, we decline to adopt a *per se* approach based solely on the language of the rule.

This is not the end of our inquiry, however, because we must also address the defendant's argument that the name omission affects substantive rights that would go to the sufficiency of the warrant.

The defendant contends that the purpose behind the requirement that the affiant's name appear on the face of the warrant is grounded in constitutional principles embodied in the Fourth Amendment and Article II, section 7. It is said that a warrant must identify the affiant because someone must take responsibility for the facts underlying the warrant, and the defendant should be apprised of that person's name. *McCoy*, 478 F.2d at 180; *King v. United States*, 282 F.2d 398, 400 (4th Cir.1960). Another reason given for naming the affiant is so that the aggrieved person may probe and challenge the legality of the warrant. *McCoy*, 478 F.2d at 180; *King*, 282 F.2d at 400.[3]

Our rule reflects these concerns in delineating the affiant's name as one of the elements to be contained in a search warrant. In so doing, Colorado apparently followed the lead of the federal government which, through the former Federal Rule of Criminal Procedure 41(c), also required that the affiant's name be contained within the warrant. However, it is significant that the federal requirement was deleted in 1972. The Committee notes to the amended Rule explains that:

> The requirement that the warrant itself state the grounds for its issuance and the names of any affiants, is eliminated as unnecessary paperwork ... A person

who wishes to challenge the validity of a search warrant has access to the affidavits upon which the warrant was issued. The federal courts have found, and we agree, that the interests described above are not necessarily protected by a strict application of the affiant's name requirement. *See, e.g., United States v. Soriano*, 482 F.2d 469 (5th Cir.1973) (in post-amendment situation, lack of executing officer's and affiant's name on warrant found to be mistake of form only and not of substance); *United States v. Averell*, 296 F.Supp. 1004, 1015 (E.D.N.Y.1969) (pre-amendment court found it "inappropriate to void a search warrant because of a typing omission [of affiant's name] which has not been shown to have caused any prejudice"); *McCoy*, 478 F.2d 176 (applying pre-amendment law, misnomer of affiant on warrant did not prejudice defendant). The cases cited by the defendant in support of his assertion that the lack of the affiant's name is fatal to the warrant are all early pre-amendment federal cases or state cases looking to that early federal case law for precedent. *E.g., King*, 282 F.2d 398; *Howard v. State*, 199 Md. 529, 87 A.2d 161 (1952); *Hay v. Commonwealth*, 432 S.W.2d 641 (1968). Not only has the federal rule been changed but the pre-amendment state of the law regarding the affiant's name was not as well-settled and uniform as the trial court found and defendant contends. *See, e.g., McCoy*, 478 F.2d 176; *Averell*, 296 F.Supp. 1004.

In examining the facts of the present case, we find that the defendant has not been prejudiced by the error of issuing the warrant without the affiant's name. Crim. P.Rule 52(a) states that, "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." In this situation, no such substantial rights have been affected. The defendant concedes that officer misconduct is not in issue. The affidavit, with the

3. The defendant also argues that there is a need to include an affiant's name in the warrant as it issues in order to ensure that the issuing magistrate is neutral and detached. Otherwise, the magistrate could issue the warrant without seeing the affidavit first. No authority has propounded this theory as a purpose for the strict application of the name requirement. Further-

more, one cannot assume that the magistrate will not be neutral and detached, as the defendant seems to do. As discussed in the text, the affidavit in this case was properly executed and was submitted with the search warrant application. Each page of the affidavit was initialed by the judge who signed the search warrant.

affiant's signature, was seen and initialled by the issuing judge at the same time as the warrant was signed, and there is no contention that the affidavit itself was invalid.

In its ruling on the People's Motion to Reconsider and Vacate Suppression Order, the trial court pointed out that the affidavit was not attached to the warrant when it was executed and left at the defendant's residence, and suggested that had the affidavit been so attached, there would have been sufficient compliance with the statute to uphold the validity of the warrant. We note that the trial court's *dicta* endorses a form of substantial compliance which undercuts the trial court's finding of necessity for strict compliance. The *dicta* also demonstrates the impossibility of adhering to a strict compliance test in all circumstances.

By finding the missing name to be a fatal defect, the trial court adopted an inflexible standard of compliance which we find to be unworkable and unnecessary. Further, such a standard is not consistent with existing case law. The law of our state does not require affidavits to be attached to warrants. *People v. Leahy*, 173 Colo. 339, 484 P.2d 778 (1970); *People v. Ferris*, 173 Colo. 494, 480 P.2d 552 (1971). Nor has it been found to be a substantive error to execute the warrant without giving a copy of it to the defendant at the time of execution. *People v. Gifford*, 782 P.2d 795, 797 n. 2 (Colo.1989); *see also United States v. Marx*, 635 F.2d 436 (5th Cir.1981).

Therefore, the defendant was not entitled to immediate access to the search warrant or supporting affidavit when the search was conducted. It is undisputed that he later had access to the affidavit and was never prevented from seeing or obtaining it. Thus, he was able to determine the

affiant's identity from the signed affidavit. Despite technical noncompliance with the rule, the defendant's relevant interests were adequately protected. *Soriano*, 482 F.2d at 479. There was no prejudice to the defendant.

We do not mean to say that the requirement of including the affiant's name in the warrant is unimportant or a mere formality. It is calculated to help the defendant determine both who the affiant is and whether the validity of the supporting affidavit should be challenged. Noncompliance with this requirement must be carefully scrutinized to see if those interests have been compromised. In this situation, we find that the defendant has not suffered any prejudice by the ministerial defect of the lack of the affiant's name on the warrant. Because the warrant meets constitutional requirements and does not offend any substantive policy designed to protect the defendant's rights, the motion to suppress was improperly granted. Therefore, we reverse the ruling of the trial court and remand for further proceedings consistent with this opinion.

ERICKSON, J., dissents, and KIRSHBAUM and VOLLACK, JJ., join in the dissent.

Justice ERICKSON dissenting:

I respectfully dissent. The majority opinion ignores the plain and unambiguous wording and the requirements imposed by the General Assembly's enactment of section 16–3–304(1), 8A C.R.S. (1986), and its identical counterpart, Crim.P. 41(d).[1] Crim.P. 41(d) was formulated to impose the same requirements as those imposed by the identical federal rule, and the federal courts' interpretation of Fed.R.Crim.P.

---

1. Section 16–3–304(1) and Crim.P. 41(d) are identical and provide:

 If the judge is satisfied that grounds for the application exist, or that there is probable cause to believe that such grounds exist, he shall issue a search warrant, which *shall:*
 (a) Identify or describe, as nearly as may be, the premises, person, place or thing to be searched;

 (b) Identify or describe, as nearly as may be, the property to be searched for, seized, or inspected;
 (c) State the grounds or probable cause for its issuance; and
 (d) State the names of the persons whose affidavits or testimony have been taken in support thereof.
 (Emphasis added.)

41(c), prior to the change in its language, provides some guidance.[2]

The trial judge considered the evidence and entered the suppression order, which provides in pertinent part:

> The Defendant contends that since the warrant was not in compliance with the fourth element of the Rule and Statute that the warrant was invalid and the fruits of the search must be suppressed.
>
> This is a case of first impression in Colorado. However, Federal courts considered the issue under F.R.Crim.P. Rule 41(d), which is identical to the Colorado Rule until 1972. Both *King v. U.S.*, 282 F.2d 398 (4th Cir.1960) and *U.S. v. Carignan*, 286 F.Supp. 284 (D.C.Mass.1967) recognize that it was established federal law that a warrant without the affiant's name is fatally defective. The requirement that the affiant be named in the warrant is not a Fourth Amendment right. *U.S. v. Soriano*, 482 F.2d 469, at 478 (5th Cir.1973). However, it does protect several important interests. It fixes responsibility in the event the warrant is not executed. It assures the judge that an appropriate officer will serve the warrant. It assures the defendant that the search is made by an authorized officer and provides a record for postsearch determination of whether the search was conducted by an authorized officer. *id.* The warrant which was issued in this case does not protect these interests. Not only was the affiant's name not on the warrant, the order directing the search was changed so as to read "To *any* officers authorized by law to execute search warrants ..." (emphasis added).

> The People argue that "practical accuracy rather than technical nicety" is the measure for determining whether an error is such as to require suppression. The requirement that the affiant's name appear on the warrant is one of only four clear elements required by the Legislature of the State of Colorado before a search warrant can be issued. If this Court were to rule that the failure to comply with this explicit requirement is of no consequence, it would be nullifying the express wishes of the legislature.

> The search warrant dated February 11, 1992 was not valid under Rule 41(d) and Section 16–3–304, C.R.S., nor are the circumstances surrounding this warrant sufficient to serve the interests protected by law.[3] Therefore, the Defendant's Motion to Suppress all evidence obtained in that search must be granted.

In my view, the trial judge's suppression order is supported by the record and should be affirmed.[4]

I prefer the analysis of *United States v. Carignan*, 286 F.Supp. 284 (D.Mass.1967) (suppressing evidence based on a misstatement of a name on a warrant due to an oversight, mistake, or carelessness) and *Howard v. State*, 199 Md. 529, 87 A.2d 161 (1952) (same) to *United States v. Averell*, 296 F.Supp. 1004 (E.D.N.Y.1969) (holding that absence of name on a warrant did not prejudice the substantial rights of a plaintiff). *See also King v. United States*, 282 F.2d 398, 400 (4th Cir.1960) (stating that

---

**2.** I agree with the majority that it is "significant" that the 1972 amendments to Fed.R.Crim.P. 41(c) deleted the requirement that the affiant's name be contained within the warrant. However, it is even more significant that since 1972, neither section 16–3–304(1) or Crim.P. 41(d) has been altered. The failure signifies the importance of the additional requirements and a desire to maintain the requirements of the pre-amendment federal rule.

**3.** The trial court added in a footnote:

> The federal rule has been amended to require the attachment of the affidavit to the search warrant. If that had been done in this case, the Court would find that the interests served by Colorado's present rule would have

been fulfilled, even though the affiant's name did not appear on the face sheet. The evidence here not only failed to establish that the affidavit was provided with the warrant, the evidence also failed to establish that any of the interests protected by the Rule were fulfilled in another manner. *See Soriano*, 482 F.2d at 478.

**4.** The trial court has not passed on the sufficiency of the search warrant, based on an affidavit that relies on unidentified and anonymous informants with no known credibility and on an unidentified confidential informant that was not identified as having been reliable in the past.

"[i]t is established law that the warrant would be fatally defective if no name were mentioned") (citing *United States v. Kaplan,* 286 F. 963 (S.D.Ga.1923)).

Other jurisdictions with similar mandatory search warrant requirements have held that the failure of the issuing judge to include the name of the affiant in the search warrant is a fatal defect. In *Howard,* the defendant in a prosecution for violating the laws against lottery appealed from a judgment of conviction and moved to quash a search warrant that did not contain the name of the person upon whose application the warrant had issued. *Howard* disagreed with the characterization by the trial court of the misstatement or omission as "immaterial." *Howard,* 87 A.2d at 162. Instead, *Howard* found the defect to be fatal and reversed the case. *Id.* at 163.

In my view, the majority's conclusion that evidence should not be suppressed based on an admitted and clear violation of the language deprives the mandatory requirement in the statute and the rule of all meaning. *See Sargeant Sch. Dist. v. Western Serv., Inc.,* 751 P.2d 56, 60 (Colo.1988) (stating that "[w]here the word 'shall' is used in a statute, it is presumed to be mandatory"). The majority thereby ignores the additional requirements set forth in section 16–3–304(1) and Crim.P. 41(d) that are not constitutionally mandated.

Accordingly, I would affirm the trial judge and suppress the evidence seized in this case.

I am authorized to say that Justice KIRSHBAUM and Justice VOLLACK join in this dissent.