The PEOPLE of the State of Colorado, Plaintiff–Appellant

v.

Nathaniel Lee STRAUSS, Defendant–Appellee.

No. 07SA314.

Supreme Court of Colorado, En Banc.

April 7, 2008.

Larry R. Abrahamson, District Attorney, 8th Judicial District, Loren B. Schall, Senior Appellate Deputy District Attorney, Emily A. Humphrey, Deputy District Attorney, Jennifer Bahnson, Deputy District Attorney, Ft. Collins, Colorado, Attorneys for Plaintiff–Appellant.

Douglas K. Wilson, Colorado State Public Defender, Norm Townsend, Deputy State Public Defender, Ft. Collins, Colorado, Attorneys for Defendant–Appellee.

Chief Justice MULLARKEY delivered the Opinion of the Court.

## I. Introduction

At issue here is whether the trial court erred in suppressing evidence obtained from the defendant's five computers that were seized pursuant to a warrant issued in 2006 based on probable cause, because the police had previously seized the same computers pursuant to a warrant in 2004 and that earlier warrant included a ninety-day time limit for the police to complete their forensic analysis of the computers. The People bring this interlocutory appeal under section 16–12–102(2), C.R.S. (2007), and C.A.R. 4.1, requesting that we reverse the trial court's suppression order.

We hold that the expiration of the ninety-day period in the 2004 warrant did not bar the Fort Collins Police Department ("the Department") from initiating another investigation and obtaining a warrant in 2006 to search the hard drives of Nathaniel Strauss's five computers. Because no constitutional or statutory provision prohibited the Department from obtaining the 2006 warrant to search the computers and that warrant was supported by probable cause, we reverse the trial court's suppression order and remand the case for further proceedings.

## II. Facts and Procedural History

This case centers around separate investigations—and the resulting search warrants—conducted by the Department over a two-year period into Strauss and his computers' hard drives.

The Department obtained the 2004 search warrant for the apartment occupied by Rory Scott Tefkin and the defendant Strauss, both adults, pursuant to an investigation into Tefkin's sexual relationship with a minor. The 2004 search warrant authorized the seizure of many items from the apartment, including computers used, owned, or accessed by Tefkin. The warrant contained a time limit for the Department to complete its search of the computers: "And within 90 days access and search for any and all information and/or data stored in the form of magnetic coding on computer media or on media capable of being read by a computer." When the 2004 warrant was executed, the police seized five computers located in Strauss's bedroom and bedroom closet.

The Department's computer forensic analyst included in the warrant the ninety-day time limit for accessing the hard drives based on the advice of colleagues in the industry at the time, not at the demand of the issuing magistrate. The forensic analyst testified at the suppression hearing that the ninety-day limit has since been eliminated because it is "unrealistic" based on the backlog to access computer forensic laboratories.

The forensic analyst completed his investigation of the computers pursuant to the 2004 warrant within the allotted time frame. Tefkin was prosecuted and sentenced to the Department of Corrections for sexual crimes against children, but Strauss was not charged in the incident.

At some time between February and June 2004, Strauss asked for the return of one of the computers. The Department declined because officers were then investigating allegations that Strauss had been making internet child pornography.[1] In June 2004, Strauss left the country for Canada.

---

1. The Department concluded its investigation of Strauss for child pornography in the summer of 2004 without filing charges against him.

In July and August 2004, the Department conducted a third investigation, this time into Strauss's alleged sexual activities with two minor children. However, the investigating detective did not file any charges against Strauss before being rotated out of the detective bureau, and the case was given a low priority because Strauss was known to have fled the country.

In March 2006, a new detective reopened the investigation into Strauss's alleged sexual conduct with the two minor children. Strauss was then charged with four felonies: sexual assault on a child, section 18–3–405(1), C.R.S. (2006); sexual assault on a child as a part of sexual abuse, section 18–3–405(1), C.R.S. (2006); and two counts of contributing to the delinquency of a minor, section 18–6–701(1), C.R.S. (2006).

In August 2006, Strauss was apprehended in Montana and extradited to Colorado.[2] In September 2006, the Department sought another search warrant to reaccess Strauss's five computers, which had remained in the custody of the Department since February 2004. The Department's forensic examination turned up several possible chat logs relevant to the 2006 charges.

Strauss then filed a motion to suppress the evidentiary use of his computers and the forensic analysis of the computers. He argued that the 2006 warrant violated an express condition of the 2004 warrant because the earlier warrant included a ninety-day time limit for the Department to conduct its forensic examination of the computers, and therefore the Department could not obtain a new warrant to reexamine the computers two years later.

The trial court granted the defendant's suppression motion, concluding that the Department had no right to retain the five hard drive copies and "[re]open the file cabinet" after the ninety-day time limit in the 2004 warrant expired. Four days later, the trial court issued a second order in which it ruled that the attached affidavits set forth probable cause for the issuance of both the 2006 and the 2004 warrants. The People then brought this interlocutory appeal to challenge the suppression order.

## III. Analysis

To put this case in context, we briefly review the law relevant to the suppression of evidence seized pursuant to a search warrant and issues of timeliness.

When reviewing a suppression order, this court defers to the trial court's findings of historical fact, and does not disturb findings which are supported by competent evidence in the record. *People v. McClain*, 149 P.3d 787, 789 (Colo.2007). However, this court will correct a conclusion of law by the trial court that is inconsistent with or unsupported by the trial court's evidentiary findings, as well as correct the trial court's application of erroneous legal standards. *Id.*

Both the United States and Colorado Constitutions "require that a warrant issue only upon a showing of probable cause, supported by oath or affirmation[.]" *People v. Martinez*, 898 P.2d 28, 30 (Colo.1995). If law enforcement officials conduct a search or seizure which violates the defendant's constitutional rights, then the illegally obtained evidence may be excluded from the evidence presented at trial. *People v. McKinstry*, 843 P.2d 18, 20 (Colo.1993).

However, when the warrant violates a statutory requirement, we realistically assess whether the deficiency violates the defendant's constitutional rights and thus triggers the suppression of the seized evidence. *Id.* In our past cases, when probable cause existed to support the warrant and the statutory violation was not willful or recurrent, we have found that the violation was only a ministerial error and did not rise to the level of a constitutional violation; therefore, the exclusionary rule did not apply. *See People v. Shinaut*, 940 P.2d 380, 384 (Colo.1997); *People v. Schrader*, 898 P.2d 33, 36–37 (Colo. 1995); *Martinez*, 898 P.2d at 31–32; *McKinstry*, 843 P.2d at 21–22; *People v. Fournier*, 793 P.2d 1176, 1179–80 (Colo.1990); *People v. Bowers*, 716 P.2d 471, 475 (Colo.1986); *Peo-*

---

**2.** Strauss was apprehended and extradited due to an unrelated charge filed in December 2004 by the Larimer County Sheriff's Department for the alleged theft of rental property.

*ple v. Hamilton,* 666 P.2d 152, 156–57 (Colo. 1983). To determine if there was a statutory violation in the warrant, we look to Crim. P. 41 and sections 16–3–301 through –308, C.R.S. (2007). *See People v. Ferris,* 173 Colo. 494, 496, 480 P.2d 552, 553 (1971).

■ Because warrants are time-sensitive documents, excessive delay by the police in obtaining a warrant can make the affidavit's information stale and unreliable, and thus render the affidavit insufficient to support probable cause. *See People v. Miller,* 75 P.3d 1108, 1113–14 (Colo.2003) (applying section 16–3–303). Crim. P. 41(d)(5)(VI) and section 16–3–305 also require that a search warrant be executed within ten days of its issuance. *See also People v. Russom,* 107 P.3d 986, 991 (Colo.App.2004), *cert. denied,* (Colo.2005) (finding that a warrant executed seven days after being obtained was not stale because probable cause continued to exist).

■ The trial court, in granting Strauss's motion to suppress, stated that the relevant issue was "whether the Fort Collins Police Department had a right to retain the duplicate disc carrying all of the hard drive information from the five computers seized in 2004." In the trial court's opinion, the error was in retaining the information past the ninety-day limit set forth in the 2004 warrant and then reaccessing it.

However, the 2004 warrant included no language requiring that the computers be returned at the end of that ninety-day period. In addition, there is no statutory or constitutional imperative to return these lawfully seized items, and Strauss has not requested the computers back since the Department completed its investigation into the allegations of internet child pornography in the summer of 2004. Cf. Crim. P. 41(e) (describing the procedure for a person aggrieved by an *unlawful* search and seizure to request the trial court to have the property returned).

Strauss's argument, on the other hand, is that the Department in 2006 could not obtain another search warrant to search the computers' hard drives because the 2004 warrant had given the Department only ninety days to access the hard drives. Put another way,

Strauss contends that because of the 2004 warrant's ninety-day limit to access the computer during the Tefkin investigation, the Department could *never* in the future obtain another warrant to access the drives, and thus it was an error when the Department obtained a warrant in 2006 to do so.

We reject Strauss's argument. There is no constitutional or statutory provision barring the police from obtaining a later warrant to seize and examine an item again simply because a prior warrant included a time limit within which to conduct the original investigation. In addition to lacking any supporting authority, this argument is illogical as well. The 2004 warrant had a limited life because of its self-imposed time limit for the forensic examination of the computers. There was no express or implied promise that the Department would not seek another warrant to search the computers. Because any future application for a search warrant would have to meet the probable cause standard, the 2004 warrant's time limit had no effect on the Department's ability to initiate a new investigation and obtain another warrant two years later to search the same computers.

The trial court's analysis of the 2006 warrant should have focused on whether there was probable cause to support the 2006 warrant and whether there were any concerns about its timeliness. Here, the trial court ruled—and Strauss does not dispute—that the 2006 warrant satisfied the constitutional requirement of being issued after a showing of probable cause. Inherent in the finding of probable cause is a conclusion that the affidavits supporting the 2006 warrant were not stale. Further, the Department executed the warrant within the ten-day requirement. As a result, having found that the warrant was supported by probable cause and because there were no issues of timeliness in regard to either obtaining or executing the warrant, the trial court should have ended its inquiry and denied Strauss's motion to suppress. Because the trial court erred when it found that the 2004 warrant's time limit precluded the Department from obtaining the 2006 warrant, we reverse its ruling suppress-

ing the evidence obtained from the five computers pursuant to the 2006 warrant.

## IV. Conclusion

We hold that a self-imposed time limit for completing the forensic analysis of a seized item in an earlier warrant does not preclude the police from obtaining a later search warrant to seize and access the same item again. As a result, we reverse the trial court's suppression order and remand the case to the trial court for further proceedings.