No. 24818.

THE PEOPLE OF THE STATE OF COLORADO *v.* DAVID ROYSE
AND DANIEL JOHN O'HARE.
(477 P.2d 380)

Decided December 7, 1970.

Duke W. Dunbar, Attorney General, Robert L. Russell, District Attorney, for plaintiff-appellee.

Daniel B. Mohler, Thomas C. Donovan, Jr., for defendant-appellants.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

This is an interlocutory appeal of the trial court's denial of the defendant-appellants' motions to suppress evidence on the grounds of an alleged unlawful search and seizure of eighteen items, including suspected dangerous drugs and narcotics, from an apartment in Colorado Springs.

This search and seizure was made pursuant to a search warrant which specified the address of the place to be searched as "3043 East Fountain apt. #305" Colorado Springs, Colorado. The supporting affidavit by a police officer also set forth this address. The search and seizure took place at 3043 Mallard Drive, Apartment 305, Colorado Springs, Colorado, which is the address of one of nine apartment buildings, all collectively known as the Normandy Apartments. The defendant-appellants, both of whom are charged with narcotic offenses, were tenants of the apartment unit but were not present at the time of the search and seizure.

The wrong address on the search warrant was furnished by the police officer who had been conducting a surveillance of the apartment which was searched. He erroneously assumed the address of the apartment to be on East Fountain Boulevard because the yellow pages of the telephone book listed the address of the Normandy Apartments as "3000 E. Fountain Blvd. (at Mallard Dr.)." The fact that the search warrant contained the wrong address did not become known to the police officer until after the search and seizure was made. A map showing the locations of the nine buildings, which comprise the Normandy Apartments, was introduced in evidence. This exhibit graphically demonstrates that the building containing the apartment unit searched is on Mallard Drive.

The arguments advanced by the district attorney on behalf of appellee in support of the trial court's ruling which validated this search warrant as permitting this search and seizure are rejected. This search and the resulting seizure at 3043 Mallard Drive, Apartment 305, Colorado Springs, Colorado, was clearly unlawful under this warrant and the trial court erred in not suppressing the evidence. We therefore reverse the ruling of the trial court and direct the entry of orders granting the motions to suppress.

A search warrant must describe with particularity the place to be searched. This is an elemental re-

quirement. Crim. P. 41 (c) provides in part that a search warrant shall command the officer to search forthwith the person or place named. The Colo. Const. art II, § 7 states that "[N]o warrant ... shall issue without describing the place to be searched ... as near as may be."

The Fourth Amendment of the United States Constitution requires that "[N]o warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched ..." The "wrong address" search warrant here involved fails completely to comply with the requirements of the Colorado and United States Constitutions. *See Steele v. United States,* No. 1, 267 U.S. 498, 45 C.Ct. 414, 69 L.Ed. 757 for a discussion of the minimum requirements of a search warrant under the United States Constitution.

In *Hernandez v. People,* 153 Colo. 316, 385 P.2d 996, we held that a modification of the apartment number in a search warrant by the officer executing the warrant was clearly improper and invalidated the warrant. Since only a judicial officer may issue a search warrant, it necessarily follows that only a judicial officer may alter, modify or correct the warrant. Applying this rule to the "wrong address" warrant of the instant case, it would have invalidated this search warrant if before executing it, the officer had discovered the wrong address and attempted to correct it. The logic is therefore compelling that if the police officer executes a search warrant at a place not described in the warrant, the search and seizure is without any semblance of validity. A search of a place other than as is described in a search warrant is, in effect, a search without a warrant.

To describe the place to be searched with particularity, as is required, certainly means that if the place has an established street address, and this is the only method of description utilized, the correct address, and only the correct address, will suffice. In our view, this is a self-evident constitutional requirement in those cases where search warrants utilize street numbers and street

names as a means of describing the place to be searched.

The rulings of the trial court on the motions to suppress, filed by the defendant-appellants, are reversed and the trial court is directed to enter orders granting the motions to suppress.

MR. JUSTICE DAY not participating.