## No. 26196

### The People of the State of Colorado v. David Lee Ragulsky
(518 P.2d 286)

Decided January 28, 1974.

J. E. Losavio, Jr., District Attorney, Tenth Judicial District, Donald M. Hoerl, Deputy, Jane E. Freeman, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Mary G. Allen, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an interlocutory appeal brought by the People pursuant to C.A.R. 4.1 to review the granting of defendant-appellee's motion to suppress certain evidence. We reverse.

The sole issue before us pertains to the sufficiency of the search warrant on its face. There is no question here as to the sufficiency of the supporting affidavit.

The district court held that the warrant did not comply with the requirements of Crim. P. 41(c) which provides that search warrants:

". . . shall command the officer to search forthwith the person or place named for the property specified . . . ."

This portion of Crim. P. 41(c) is related to the constitutional requirement that search warrants describe the place to be

searched with particularity.[1] We hold that the trial court should not have granted the motion to suppress.

The problem which arose in the trial court stemmed from the command portion of the warrant which reads:

"YOU ARE THEREFORE COMMANDED to search forthwith the _____ above described property for the property described . . . ."

The property to be searched having been specifically described "above" two times it was not necessary to describe it a third time in order to attain constitutional particularity. The property to be seized likewise had been described above as "amphetamines, barbiturates, opium, opium derivatives and other synthetic narcotics and implements used in the traffic and in the use of narcotic drugs." The reference in the command portion of the warrant to search "for the property described" necessarily referred to those narcotics previously itemized.

■ The standard for determining whether a search warrant complies with constitutional requirements is one of practical accuracy rather than technical nicety. *United States v. Gomez,* 42 F.R.D. 347 (S.D.N.Y. 1967); *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *United States v. Dunnings,* 425 F.2d 836 (2d Cir. 1969); *People v. Baird,* 182 Colo. 284, 512 P.2d 629 (1973).

---

[1] United States Constitution, Amendment IV:

"The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and *particularly describing the place to be searched, and the persons or things to be seized.*" (Emphasis added.)

Colorado Constitution, Article II, Section 7:

"The people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures; and *no warrant to search any place or seize any person or things shall issue without describing the place to be searched, or the person or thing to be seized, as near as may be,* nor without probable cause, supported by oath or affirmation reduced to writing." (Emphasis added.)

■ The test for determining the sufficiency of a description in a search warrant is set out in *Steele v. United States,* 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925), which holds that the description is adequate if the officer executing the warrant can with reasonable effort ascertain and identify the place intended to be searched. *Accord, United States v. Melancon,* 462 F.2d 82 (5th Cir. 1972); *Moore v. United States,* 461 F.2d 1236 (D.C. Cir. 1972); *State v. Blackburn,* 266 Ore. 28, 511 P.2d 381 (1973). It is necessarily implicit in the "reasonableness" requirement of the Fourth Amendment that not only must the officer executing the warrant be able to reasonably ascertain the place to be searched, but there must also be no reasonable probability that another place might be mistakenly searched. *United States v. Sklaroff,* 323 F. Supp. 296 (S.D. Fla. 1971). *See also People v. Royse,* 173 Colo. 254, 477 P.2d 380 (1970).

An examination of the warrant shows that the various narcotic and dangerous drugs are listed as the property to be searched for and seized. The warrant states that the contraband drugs are believed to be situated on the premises described in the warrant and the place ultimately searched, which are specifically described by street address and on the persons of two named individuals. The warrant then states that the county judge is satisfied that there is probable cause to believe that the described property is located on the previously identified premises and persons. This portion of the search warrant repeats the names and address. There is no other place or person named or described in the warrant than those specified above.

An officer executing this warrant could readily ascertain that he was to search the named apartment and persons for the described drugs. This would be the only course of conduct open to him inasmuch as the warrant described no other person or place in connection with the contraband drugs.

■ The omission of information, which is found at two other places in the warrant, from the command portion of the warrant does not invalidate the warrant. The constitution

does not require that we exalt form over substance.

We reverse the order of the district court granting the motion to suppress and remand for further proceedings not inconsistent with this opinion.

MR. JUSTICE ERICKSON does not participate.