## No. C-1176

**Craig H. Mundt v. The People of the State of Colorado**
(576 P.2d 165)

Decided March 20, 1978.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Carol L. Gerstl, Deputy, for petitioner.

J. D. MacFarlane, Attorney General, Jean Dubofsky, Deputy, Edward G. Donovan, Solicitor General, J. Stephen Phillips, Assistant, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant, Craig H. Mundt, was convicted by a jury of selling narcotic drugs with the intent to induce or aid the purchaser to unlawfully use or possess such narcotic drugs, C.R.S. 1963, 48-5-20(1)(a), (c),[1] and of conspiracy to sell narcotic drugs, C.R.S. 1963, 48-5-20(1)(i).[2] The court of appeals affirmed. *People v. Mundt*, 38 Colo. App. 331, 561 P.2d 1272 (1976). We granted certiorari. We affirm.

### I.
### The Transactions in Issue

On January 2, 1974, an undercover narcotics agent, disguised as an organized crime figure, contacted the defendant at a shop known as "The Collage," which the defendant owned. The shop sold pipes, spoons, roach clips, and other items frequently employed by narcotic users. The agent indicated that he was a "user" of illegal drugs, desired to obtain some cocaine, and might be interested in investing in The Collage. The defendant evidenced a familiarity with the use of cocaine and stated that he could supply good quality cocaine.

Several meetings between the defendant, his employee, Wilson, and undercover agents followed. Throughout these meetings, the defendant portrayed himself as the head of a drug organization with contacts in South America capable of supplying large amounts of cocaine and marijuana. At the agents' request, Wilson sold them an ounce of cocaine, the proceeds of which were later divided with the defendant. The defendant continuously promised to supply the agents with cocaine of such "high quality that it would float like snow." Although the defendant and the agents discussed a $100,000 cocaine deal, no sale in that amount was consummated.

### II.
### Sufficiency of Evidence

■ The defendant contends that the record contains insufficient evidence to establish that he sold or conspired to sell narcotics with the intent to "induce or aid another to unlawfully use or possess narcotic drugs." C.R.S. 1963, 48-5-20(1). We disagree.

The defendant relies upon earlier cases in which convictions were reversed where the police initiated and solicited the narcotics sale. *People v. Morris*, 190 Colo. 215, 545 P.2d 151 (1976); *People v. Patterson*, 187

---

[1] Now section 12-22-322(1)(b), C.R.S. 1973.
[2] Now section 12-22-322(1)(h), C.R.S. 1973.

Colo. 431, 532 P.2d 342 (1975); *People v. Bowers*, 187 Colo. 233, 530 P.2d 1282 (1974). Our earlier decisions, however, did not stand for the proposition that a conviction under C.R.S. 1963, 48-5-20, cannot be obtained if the police initiated or solicited the sale when there are other circumstances bearing upon the nature of the transaction. In *People v. Bowers, supra*, this court said:

"We do not suggest that, in the absence of direct evidence of specific intent, there may not be ample circumstantial evidence in a particular case from which it would be reasonable to infer that the specific intent of the seller was to engage in the conduct proscribed by the statute. * * *"

Here, the defendant's representations to the agents clearly established that he was in fact an illicit drug merchant or a pusher who stands as the target of the statute. He expressly sought to increase and broaden his illegal market by soliciting future sales to the undercover agents. *People v. Patterson, supra.*

In this case, the record contains substantial evidence from which it is reasonable to infer that the defendant at the time of the sale had the requisite intent. Therefore, the conviction is valid and not subject to attack. *People v. Bowers, supra.*

Accordingly, the judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE KELLEY do not participate.