## No. 28248

**The People of the State of Colorado v. Charlie Frank Korte, also known as Charles Frank Korte and Patricia Virginia Korte**

(602 P.2d 2)

Decided October 29, 1979.

J. E. Losavio, Jr., District Attorney, Amy S. Isaminger, Deputy, for plaintiff-appellant.

Larry L. McCray, for defendant-appellee, Charlie Frank Korte.

J. Gregory Walta, State Public Defender, Terri L. Brake, Deputy, for defendant-appellee, Patricia Virginia Korte.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

This appeal was taken by the district attorney of Pueblo County from an order requiring disclosure of the identity of a confidential informant in a narcotics case. The prosecution's failure to comply with the order of disclosure resulted in the dismissal of the charges against the defendants.

Charles Korte and Patricia Korte, were charged with possession of a dangerous drug, possession with intent to dispense a dangerous drug, and conspiracy. Prior to trial, the defendants filed a motion to compel disclosure of the identity of a confidential informant. The police asserted that the informant discussed the purchase of marijuana with Charles Korte, and later purchased marijuana from Patricia Korte. The police had used the information provided by the confidential informant to establish probable cause to search the defendants' house for illegal drugs. After a hearing on the motion, the trial judge ordered that the informant's identity be disclosed. We affirm.

When determining whether the identity of a confidential informant should be disclosed, the trial court must balance the needs of law enforcement officials to preserve the anonymity of the informant with the defendant's right to obtain evidence necessary for the preparation of his defense. *People v. Marquez,* 190 Colo. 255, 546 P.2d 482 (1976). There is no "fixed rule" that may be applied with respect to disclosure; rather,

each case must turn on its own facts. *See Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). Thus, the determination is one that lies within the sound discretion of the trial court.

In this case, testimony presented to the trial court at the disclosure hearing contradicted statements made in the affidavit that supported the search warrant.[1] One issue was whether the defendant, Charles Korte, was present on the premises during the period when the drugs were located there and were being sold. The affidavit states that the informant claimed that Charles Korte was present and offered several baggies of marijuana for sale. Charles Korte's presence, however, is disputed and alibi testimony was presented. The information provided by the informant was the basis for the charge against Charles Korte and his identity was necessary for the preparation of the defense case.

After reviewing the evidence, the trial judge concluded that the identity of the informant was essential to the preparation of the defendants' case. Because there is evidence in the record to support the disclosure ruling, we will not invade the province of the trial judge. The prosecution was properly ordered to produce the name of the informant or have the charges dismissed. *Cf. Jencks v. United States,* 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957); *Roviaro v. United States, supra. See also American Bar Association Standards on Discovery and Procedure Before Trial,* § 11.4.7(a) (1978 Rev.).

Accordingly, the ruling is affirmed.

---

[1] We note that the affidavit to obtain a search warrant does not state that the informant had a background of reliability and it is clear that he was not a citizen informant. *See People v. Glaubman,* 175 Colo. 41, 485 P.2d 711 (1971).