The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Jose DEL ALAMO, Defendant-Appellant.

No. 79SA488.

Supreme Court of Colorado.

Feb. 9, 1981.

Rehearing Denied March 16, 1981.

Dale Tooley, Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., David R. Purdy, Deputy Dist. Atty., Denver, for plaintiff-appellee.

Pena, Pena & Nieto, P.C., Arthur S. Nieto, Denver, for defendant-appellant.

ERICKSON, Justice.

The defendant, Jose Del Alamo, was charged and convicted of possession of a narcotic drug (heroin) for sale with the intent to aid or induce another to use or possess the drug ("hard sale"). Section 12–22–322, C.R.S. 1973 (now in 1977 Repl. Vol. 12). The defendant was sentenced to the penitentiary and now appeals. We affirm.

*Facts*

A confidential informant advised the police that heroin sales were occurring at the Little Erin Bar on June 1, 1978. The police kept the defendant's truck, which was parked in a prominent place near the bar, under surveillance. The defendant left the bar on three occasions, got into his truck for a short period of time and then returned to the bar. During the surveillance, the informant, who was present in the bar, allegedly made a telephone call to one of the officers on surveillance and told him that the defendant offered to sell him heroin. In the early morning hours of June 2, 1978, when the defendant left the bar, the police followed him as he proceeded toward his home. When the defendant reached the 2500 block of Moline Street in Aurora, he pulled his truck off the road and passed out. The Denver police called the Aurora police who responded and took the defendant home. With the defendant's truck under surveillance, the police caused an officer to prepare an affidavit so that a search warrant could be obtained.

Both the affidavit and the search warrant specified that the truck was parked on Macon Street, not Moline Street (Macon and Moline Streets are parallel north/south streets and are one block apart). The affidavit for the search warrant accurately described the defendant's vehicle as a 1976 Chevrolet pickup truck, white, maroon, license plate TH–9410 with a white camper shell.

After obtaining the search warrant, the police searched the truck and found a large quantity of heroin. The police then went to the defendant's home and arrested him. After being advised of his rights, the defendant denied all knowledge of the heroin.

At the trial, the prosecution called expert witnesses to identify and describe the heroin found in the truck and to testify as to the means for distribution of heroin in the drug community.

The primary issues at trial and on appeal are: (1) Whether the warrant identified the vehicle to be searched with sufficient specificity to withstand the defendant's constitutional attack. (2) Whether the confidential informant should have been identified for the benefit of the defendant. (3) Whether the specific intent required by the "hard sale" statute was established by competent evidence. (4) Whether the evidence was sufficient to withstand the defendant's motion for judgment of acquittal under the test outlined in *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

### Search Warrant

■ The defendant's motion to suppress the evidence seized from his truck was properly denied. The affidavit which supported the search warrant established probable cause to search and identified with reasonable specificity the place to be searched. *U.S.Const.,* amend. IV; *Colo. Const.,* Art. II, Sec. 7; sections 16–3–303, and 16–3–304, C.R.S. 1973 (1978 Repl. Vol. 8); Crim.P. 41.

The defendant's truck was identified with specificity and no other truck would match the description given. The truck was under constant surveillance from the time that the defendant left the truck until the execution of the search warrant. The mere fact that the affidavit identified the wrong street, which was less than one block away from the actual location of the truck, is not dispositive. In interpreting an affidavit for a search warrant and the execution of the warrant, a common sense interpretation must be applied. *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

The trial judge stated the law when he said:

"It's the court's view that the affidavit must speak with particularity as to the vehicle to be searched and that that vehicle is described in particularity in the affidavit which supported the search."

We said in *People v. Ragulsky,* 184 Colo. 86, 518 P.2d 286 (1974):

"The test for determining the sufficiency of a description in a search warrant is set out in *Steele v. United States,* 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925), which holds that the description is adequate if the officer executing the warrant can with reasonable effort ascertain and identify the place intended to be searched. *Accord, United States v. Melancon,* 462 F.2d 82 (5th Cir. 1972); *Moore v. United States,* 461 F.2d 1236 (D.C.Cir. 1972); *State v. Blackburn,* 266 Or. 28, 511 P.2d 381 (1973). It is necessarily implicit in the 'reasonableness' requirement of the Fourth Amendment that not only must the officer executing the warrant be able to reasonably ascertain the place to be searched, but there must also be no reasonable probability that another place might be mistakenly searched. *United States v. Sklaroff,* 323 F.Supp. 296 (S.D. Fla.1971). *See also People v. Royse,* 173 Colo. 254, 477 P.2d 380 (1970)." *Id.* at 89, 518 P.2d 286.

*See also State v. Hart,* 100 Idaho 137, 594 P.2d 647 (1979).

### Disclosure of the Confidential Informer

■ The trial judge found that the defendant failed to show that the disclosure

of the identity of the confidential informer was vital to the preparation of his defense. We agree with the trial court's denial of the defendant's motion for disclosure.

The balancing test applied in *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) was adopted by this Court in *People v. Korte*, Colo., 602 P.2d 2 (1979):

> "When determining whether the identity of a confidential informant should be disclosed, the trial court must balance the needs of law enforcement officials to preserve the anonymity of the informant with the defendant's right to obtain evidence necessary for the preparation of his defense. *People v. Marquez*, 190 Colo. 255, 546 P.2d 482 (1976). There is no 'fixed rule' that may be applied with respect to disclosure; rather, each case must turn on its own facts. *See Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). Thus, the determination is one that lies within the sound discretion of the trial court." *Id.* at 3.

Here, the defendant argues that in order to rebut the inference allowed as to his specific intent to induce or aid another to unlawfully use or possess a narcotic drug, his counsel should have been granted the right to interview the informant.

The trial judge excluded all testimony concerning transactions that may have occurred inside the bar. Evidence relating to the alleged telephone call by the informant to the surveilling officer conveying the defendant's offer to sell him heroin was also excluded. The trial court held, however, that because the informant was not an eyewitness to the events which occurred outside the bar during the surveillance, the defendant had not shown a need for disclosure of the informant's identity.

In *People v. Marquez*, 190 Colo. 255, 546 P.2d 482 (1976), we listed some factors which must be considered in the balancing process mandated by *Roviaro v. United States, supra*:

> "[W]hether the informant was an eyewitness and earwitness to the criminal transaction and whether the informer himself

is available or could, in the exercise of reasonable diligence, be made available; whether other witnesses to the transaction are in a position to testify; the likelihood that the testimony of the informer will vary significantly from that of other available or potentially available witnesses; whether the defendant himself knows the identity of the informant or could without undue effort discover his identity; whether the informant was deeply or only peripherally involved in the criminal transaction." *Id.*, 190 Colo. at 258–9, 546 P.2d 482.

Here the transactions within the bar were not admitted as evidence. Additionally, the defendant has not shown that any of the other factors outlined in *People v. Marquez, supra*, mandate disclosure. Accordingly, the identity of the informant was properly withheld under the circumstances of this case.

### Specific Intent to Establish the "Hard Sale"

In *Mundt v. People*, 195 Colo. 145, 576 P.2d 165 (1978), we held that circumstantial evidence was sufficient to establish a "hard sale."

In this case, the following circumstantial evidence was sufficient to permit the jury to conclude that the defendant had the specific intent to engage in the conduct proscribed by the statute: (1) The amount of heroin seized was 30.3 grams, 6 grams of which were in 6 separate balloons containing approximately one gram each, the remaining 24.3 grams were in a single package. (2) The 24.3 grams of heroin tested at 5% purity, the heroin in the balloons tested at 4% purity. Expert testimony was that the purity of "street level" heroin runs between 1.5% and 2% purity. (3) The bulk from the 24.3 grams of heroin could be indicative of either a recent purchase from a supplier or the intent on the part of the owner to sell the heroin to a street dealer. The inference of intent to induce another to use or possess the heroin is especially strong in light of the defendant's testimony that

he was not a heroin user. (4) During the time that the defendant's truck was parked outside the bar and under police surveillance, police saw the defendant make three trips to his truck and remain a sufficient length of time to pick up narcotics and then return to the bar. (5) An officer with past narcotics experience stated that it was a common practice for a dealer selling narcotics to leave his car in a visible location so that potential purchasers will know that the dealer has drugs to sell.

Additionally, the evidence met the test set forth in *People v. Bennett, supra,* for withstanding a motion for judgment of acquittal.

We have answered the defendant's attack on the constitutionality of the "hard sale" statute in *People v. Bowers,* 187 Colo. 233, 530 P.2d 1282 (1975).

Accordingly, we affirm.

ROVIRA, J., does not participate.