The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Robert SCHRADER, Defendant–Appellee.

No. 95SA37.

Supreme Court of Colorado, En Banc.

June 19, 1995.

---

Chris D. Hefty, Dist. Atty., Thirteenth Judicial Dist., Douglas J. Haynes, Deputy Dist. Atty., Burlington, for plaintiff-appellant.

David F. Vela, State Public Defender, Jeri D. Shepherd, Deputy State Public Defender, Greeley, for defendant-appellee.

Justice ERICKSON delivered the Opinion of the Court.

This interlocutory appeal by the prosecution pursuant to C.A.R. 4.1 seeks reversal of a suppression order issued by the Yuma County District Court in the prosecution of Robert Schrader (defendant). We reverse the ruling of the trial court and remand for further proceedings.

The defendant was charged with two counts of theft pursuant to section 18–4–401(1), 8B C.R.S. (1986),[1] after the police executed a search warrant on the premises of Fort Morgan Pet Foods and recovered stolen Kawasaki and Polaris four-wheeled all terrain vehicles. Because the value of the Ka-

---

1. Section 18–4–401, 8B C.R.S. (1986 & 1994 Supp.), provides, in relevant part:

(1) A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, and:

(a) Intends to deprive the other person permanently of the use or benefit of the thing of value; or

(b) Knowingly uses, conceals, or abandons the thing of value in such manner as to deprive the other person permanently of its use or benefit; or

(c) Uses, conceals, or abandons the thing of value intending that such use, concealment, or abandonment will deprive the other person permanently of its use and benefit; or

(d) Demands any consideration to which he is not legally entitled as a condition of restoring the thing of value to the other person.

(1.5) For the purposes of this section, a thing of value is that of "another" if anyone other than the defendant has a possessory or proprietary interest therein.

(2) Theft is:
. . . .

(c) A class 4 felony if the value of the thing involved is four hundred dollars or more but less than fifteen thousand dollars. . . .

wasaki was $2000 and the value of the Polaris was $3,100, the two counts of theft were class four felonies. The trial court granted the defendant's motion to suppress and ordered suppression of the vehicles and the statements made by the defendant at the time of the seizure of the vehicles. We reverse the trial court's order suppressing the vehicles and the defendant's statements at the time of the seizure of the vehicles, and remand for further proceedings.

I

On September 29, 1993, Don Rutledge reported to the Yuma County Sheriff's Department that two four-wheeled all terrain vehicles had been stolen from his hog farm located at 10639 County Road 30, Yuma, Colorado. Rutledge stated that the vehicles were taken sometime between September 28, 1993, at 6:00 p.m. and September 29, 1993, at 8:00 a.m.

On July 27, 1994, Sheriff Zulauf of the Yuma County Sheriff's Department received a phone call from Don Rutledge's son, Brett Rutledge. Brett Rutledge told Zulauf that he had recently received a phone call from Terry Griess, who provided information about the missing vehicles. Zulauf called Griess who stated that the vehicles were located on the property of Fort Morgan Pet Foods, where both he and the defendant were employed. Griess told Zulauf that several weeks earlier the defendant had told him that he had stolen the vehicles from the Rutledge hog farm. Although Griess did not tell Zulauf when the vehicles were taken, he provided a description of the vehicles.

After the phone call, Zulauf applied for a search warrant to search the property of Fort Morgan Pet Foods, located at 13553

County Road 19, Morgan County, Colorado. The defendant lived in a house located on Fort Morgan Pet Foods property, which had a street address of 13541 County Road 19, Morgan County, Colorado.[2] A search warrant for the two vehicles, authorizing the search of Fort Morgan Pet Foods, 13553 County Road 19, was issued.

Investigator Donald Wood of the Morgan County Sheriff's Department executed the search warrant on July 27, 1994. At the suppression hearing on January 17, 1995, Wood testified that before recovering the vehicles, but while on Fort Morgan Pet Foods property, he showed the warrant to the defendant. Wood advised the defendant that he was an investigator from the sheriff's department and read the defendant his *Miranda* rights. Wood testified that the defendant said he had traded two coonhounds for the vehicles with a man from Missouri in Brush, Colorado.[3] After his conversation with the defendant, Wood recovered the vehicles on Fort Morgan Pet Foods property and hauled them to Fort Morgan.

On July 28, 1994, Undersheriff McCoy interviewed the defendant. The defendant changed his story and stated that he had purchased the vehicles at his residence from a man who was passing through town. McCoy prepared an affidavit supporting an arrest warrant, and a warrant for the defendant's arrest was issued on August 1, 1994.

On December 30, 1994, the defendant filed a motion to suppress the vehicles and the statements he made to Investigator Wood. A hearing on the defendant's motion to suppress was held on January 17, 1995. On January 30, 1995, the trial court issued a suppression order and found:

> asked for a search warrant for Ft. Morgan Pet Foods, located at 13553 Co. Rd. 19, County of Morgan, State of Colorado.

The trial court acknowledged that the defendant's residence was on Fort Morgan Pet Foods property and made no findings to the contrary.

**2.** In his affidavit for search warrant, Sheriff Zulauf stated he had received information from Griess that the vehicles were located on the property of Fort Morgan Pet Foods near the residence of the defendant. In its January 30, 1995, suppression order the trial court stated:

> It is clear from the affidavit for search warrant herein that [Griess] told [Zulauf] that the motor vehicles in question were located on the property of Ft. Morgan Pet Foods, near the house that the defendant lived in.... Pursuant to the information given him, [Zulauf]

**3.** Undersheriff Sam McCoy of the Yuma County Sheriff's Department verified that there had been a coonhound meet in Brush, Colorado, September 24 through 26, 1994, which was several days before the vehicles were reported stolen.

When the officers of the Morgan County Sheriff's Department arrived at the scene of Ft. Morgan Pet Foods, they proceeded to locate and seize the described motor vehicles at the Defendant's residence, whose address is 13541 County Road 19, County of Morgan, State of Colorado. Although the Defendant arrived on the property at the time of the seizure, no exigent circumstances were presented for the law enforcement personnel's continuing without seeking modification of the search warrant to reflect the correct address.

. . . .

4. Under the circumstances set forth above, the proper procedure would have been for the Morgan County Sheriff's personnel to notify [Zulauf] of the proper address and obtain a corrected warrant. This was not done here, and the search was improper under both the U.S. and Colorado Constitutions.

It is therefore ordered that the evidence of the two [vehicles] seized is suppressed, together with statements made by the Defendant at the time of the seizure.

We do not agree with the trial court's analysis and reasons for entering the suppression order.

## II

### A

█ The trial court found that the vehicles were unconstitutionally seized during the search of the defendant's property because the defendant's address was not the address specified in the search warrant. We disagree. The vehicles were on the property of Fort Morgan Pet Foods behind the house occupied by the defendant. There was no lack of specificity in describing the property to be searched and the property to be seized.

█ A search warrant must describe with particularity the place to be searched and the persons or things to be seized. U.S. Const. amend IV; Colo. Const. art. II, § 7. Under Colorado criminal statutes and the Colorado Rules of Criminal Procedure a warrant shall "[i]dentify or describe, as nearly as may be, the premises, person, place, or thing to be searched. . . ." § 16–3–304(1)(a), 8A C.R.S. (1986); Crim.Pro. 41(d)(1)(I).

█ A search warrant must describe the property to be searched with sufficient particularity so that the officer executing the warrant can identify the place intended with reasonable effort. *United States v. Musson,* 650 F.Supp. 525, 540 (D.Colo.1986). The standard for ascertaining the validity of a search warrant " 'is one of practical accuracy rather than technical nicety.' " *People v. McKinstry,* 843 P.2d 18, 20 (Colo.1993) (quoting *People v. Ragulsky,* 184 Colo. 86, 88, 518 P.2d 286, 287 (1974)). The description of the property to be searched in a warrant "does not need to meet the technical requirements sought by conveyancers, and an erroneous description does not necessarily render a warrant invalid." *Musson,* 650 F.Supp. at 540 (citations omitted); *see Zawacki v. City of Colorado Springs,* 759 F.Supp. 655, 661 (D.Colo.1991) ("Practical accuracy rather than technical precision controls the determination of whether a search warrant adequately describes the premises to be searched."). We have been reluctant to suppress evidence based on highly technical attacks on warrants because " 'a negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.' " *McKinstry,* 843 P.2d at 20 (quoting *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965)).

█ Factual findings by a trial court will not be disturbed on appeal when they are supported by adequate evidence in the record. *People v. Corley,* 698 P.2d 1336, 1339 (Colo.1985). However, factual findings by a trial court "must be set aside when they are 'so clearly erroneous as not to find support in the record.' " *People v. Johnson,* 653 P.2d 737, 740 (1982) (quoting *Page v. Clark,* 197 Colo. 306, 313, 592 P.2d 792, 796 (1979)).

The search warrant in the present case specified Fort Morgan Pet Foods, located at 13553 County Road 19, Morgan County, Colorado, as the real property to be searched. Investigator Wood testified that he searched the property of Fort Morgan Pet Foods and never searched the defendant's residence.

In his search warrant return and inventory Officer Wood stated:

> On July 27, 1994, at 6:40, p.m., I searched the Premises identified in the search warrant, and left a copy of the search warrant and a return and inventory of the property with [the defendant], 13541 Co Rd 19, Fort Morgan, Colorado.

The return and inventory specified that Investigator Wood searched Fort Morgan Pet Foods property, as provided in the warrant. Any disparity between the street address specified in the warrant and the address of the defendant's residence is not dispositive in determining the validity of the search. A practical reading of the warrant establishes that Fort Morgan Pet Foods was the property to be searched. Because the vehicles were seized from Fort Morgan Pet Foods property, the search complied with the warrant. The record does not support the trial court's finding that the defendant's residence was searched or that premises other than those described in the warrant were searched.[4] The trial court erred in ordering suppression of the vehicles seized pursuant to the search warrant.

### B

■ The trial court suppressed the defendant's statements made at the time of the search of his property. We disagree.

■ The "fruit of the poisonous tree" doctrine provides that evidence derived from information acquired by the police through unlawful means is inadmissible in criminal prosecutions. *Wong Sun v. United States*, 371 U.S. 471, 484–86, 83 S.Ct. 407, 415–17, 9

L.Ed.2d 441 (1963); *People v. Jones*, 828 P.2d 797, 800 (Colo.1992). The doctrine is inapplicable in the present case because the defendant's statements to Investigator Wood were not the product of an illegal search and seizure.

Accordingly, we reverse the trial court's suppression of the vehicles and the defendant's statements at the time of the seizure of the vehicles, and remand for further proceedings.

---

4. The trial court relied on *People v. Royse*, 173 Colo. 254, 477 P.2d 380 (1970) in determining that the search warrant was defective. *Royse* involved a search of a unit in one of nine apartment buildings, known collectively as Normandy Apartments. *Royse*, 173 Colo. at 256, 477 P.2d at 381. The address specified in the search warrant differed from the address of the apartment actually searched. *Id.* In concluding that the evidence obtained should have been suppressed, we stated:

> To describe the place to be searched with particularity as is required, certainly means that if the place has an established street address, and this is the only method of description utilized, the correct address, and only the

correct address, will suffice. In our view, this is a self-evident constitutional requirement in those cases where search warrants utilize street numbers and street names as a means of describing the place to be searched.

*Id.* at 257–58, 477 P.2d at 382. The reasoning in *Royse* is not controlling under the facts in the present case because Investigator Wood searched the property specified in the warrant. In addition to providing a street address, the warrant specified Fort Morgan Pet Foods as the place to be searched. Investigator Wood never entered the defendant's residence, but merely searched an area near the defendant's residence on Fort Morgan Pet Foods property.