The PEOPLE of the State of Colorado ex rel. G.F. SANDSTROM, District Attorney, Tenth Judicial District, State of Colorado, Petitioner,

v.

The DISTRICT COURT IN AND FOR the COUNTY OF PUEBLO, State of Colorado, and The Honorable Dennis Maes, One of the Judges Thereof, Respondents.

No. 95SA155.

Supreme Court of Colorado,
En Banc.

Oct. 10, 1995.

As Modified on Denial of Reconsideration
Nov. 6, 1995.

875

G.F. Sandstrom, District Attorney, Tenth Judicial District, M. Katherine Howard, Deputy District Attorney, Pueblo, for petitioner.

Dennis W. Hartley, P.C., Dennis W. Hartley, Colorado Springs, for Steven Kressin.

Koncilja & Koncilja, P.C., Robert D. Wild, Pueblo, for Sylvia Kressin.

Justice ERICKSON delivered the Opinion of the Court.

Pursuant to article VI, section 3 of the Colorado Constitution and C.A.R. 21, the prosecution seeks a writ in the nature of prohibition to prevent enforcement of the district court's order to disclose the identities

of a confidential informant and an unnamed person in the narcotics cases against Steven Kressin and his wife, Sylvia Kressin. We issued a rule to show cause and now make the rule absolute in part and discharge the rule in part. We direct the district court to conduct further proceedings consistent with this opinion.

I

In May 1994, a confidential informant contacted Officer Wayne Luizza of the Pueblo Police Department.[1] The informant stated that an unnamed person said that the unnamed person could obtain methamphetamine "from the male who resides at 2520 4th Avenue," the address at which the Kressins lived. No mention was made as to the presence of Sylvia Kressin.

The informant drove the unnamed person to that address at least five times during a twenty-four hour period. Each time after leaving the residence, the unnamed person showed the informant a large quantity of methamphetamine allegedly purchased from the male inside the residence. The unnamed person stated that the same male had additional quantities of methamphetamine for sale.

The Pueblo police did not know of or sanction these purchases. The police did not witness the purchases or seize the drugs allegedly purchased.

Based largely on the information provided by the informant, the Pueblo police obtained a search warrant which they executed on May 6, 1994. During the search, the police seized contraband · including methamphetamines, drug paraphernalia, money, and records.

The prosecution filed an information charging Steven Kressin with unlawful possession of a Schedule II controlled substance (methamphetamine); unlawful possession with intent to distribute a Schedule II controlled substance; and commission of a second offense of unlawful possession of a Schedule II controlled substance. The pros-

ecution also charged Sylvia Kressin with unlawful possession of a Schedule II controlled substance (methamphetamine) and unlawful possession with intent to distribute a Schedule II controlled substance.

On November 16, 1994, the district court held a pretrial hearing on the Kressins' motions to suppress evidence seized pursuant to a search warrant and for the disclosure of the identities of the confidential informant and an unnamed third party. The court also heard argument and ruled on other defense motions that are not relevant to this original proceeding. Following the hearing, the district court held that the affidavit supporting the search warrant contained false statements regarding prior narcotics sales and struck those statements from the affidavit. Steven Kressin continues to assert that these false statements require the district court to grant his motion to suppress evidence seized during the execution of the warrant. However, the district court has held that the remaining statements established probable cause to authorize both the warrant and the concomitant search. *See Franks v. Delaware*, 438 U.S. 154, 171–72, 98 S.Ct. 2674, 2684–85, 57 L.Ed.2d 667 (1977) (requiring excision of false statements in an affidavit supporting a search warrant before considering a probable cause challenge). Neither the probable cause determination nor the affiant's veracity is appropriately before us in this proceeding.

In an order dated April 11, 1995, the district court granted the Kressins' motion to divulge the identity of the confidential informant and Sylvia Kressin's motion to divulge the identity of the unnamed person. The court also ordered separate trials for Steven and Sylvia Kressin.

The prosecution subsequently filed a petition for a writ in the nature of prohibition with this court, which was denied. The prosecution then filed a notice in the district court which stated that, if the prosecution disclosed the informant's identity, "all indications are that the informant will be killed."

---

1. The narrative statements of the informant and of the unnamed person, as related by the informant, are contained in Officer Luizza's affidavit in support of the application for a search warrant.

The district court ordered the prosecution to report why they had not disclosed the identity of the unnamed person. In response, the prosecution filed a notice which stated that, if the prosecution revealed the identity of the unnamed person, it would most certainly result in the disclosure and death of the informant. The district court then ordered that the prosecution disclose the identities of both individuals or face dismissal of the charges.

The prosecution again sought a writ in the nature of prohibition to prevent enforcement of the district court's order. We issued a rule to show cause why the requested relief should not be granted. We now make the rule absolute in part and discharge the rule in part.

## II

The informer privilege allows the government to maintain the anonymity of persons who furnish law enforcement officers with information relating to crimes. *Roviaro v. United States*, 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957); *People v. Bueno*, 646 P.2d 931, 935 (Colo.1982). The informer privilege encourages individuals to fulfill their obligation to disclose criminal conduct to law enforcement officers. *Roviaro*, 353 U.S. at 59, 77 S.Ct. at 627; *Bueno*, 646 P.2d at 935. The privilege is not absolute and must give way "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Roviaro*, 353 U.S. at 60–61, 77 S.Ct. at 627–628; *People v. District Court*, 767 P.2d 1208, 1213 (Colo.1989). Disclosure is not governed by a fixed rule, *Roviaro*, 353 U.S. at 62, 77

S.Ct. at 628–29, and lies within the sound discretion of the district court. *People v. Korte*, 198 Colo. 474, 476, 602 P.2d 2, 3 (1979).

The informer privilege generally gives way in two situations: (1) where the disclosure is essential to a fair determination of a suppression motion; or (2) where the informer may provide information essential to the defense. *Bueno*, 646 P.2d at 935–36. In either case, disclosure is neither automatic nor mandatory. *Id.* To meet the threshold burden in the first situation, the defendant must establish a reasonable basis in fact to believe that either the informant himself or the information the informant purportedly relayed to police is figmentary or unreliable. *People v. Villanueva*, 767 P.2d 1219, 1222 (Colo.1989). In the second, the defendant's threshold burden is some "showing of a reasonable basis in fact to believe the informant is a likely source of relevant and helpful evidence to the accused." *Bueno*, 646 P.2d at 936; *see Villanueva*, 767 P.2d at 1222. The defendant's unsupported assertion of need will not suffice. *Bueno*, 646 P.2d at 936; *see Villanueva*, 767 P.2d at 1222. After the defendant meets the threshold burden, the court should determine the propriety of disclosure by balancing the public interest in protecting the flow of information to the police against the defendant's need for witnesses and evidence essential to his defense. *People v. District Court*, 767 P.2d at 1213; *see Roviaro*, 353 U.S. at 60–61, 77 S.Ct. at 627–628; *Bueno*, 646 P.2d at 935.

## III

The informer privilege does not extend to the unnamed person.[2] The inform-

---

2. Under some circumstances, the identity of an unnamed person might be protected under the aegis of the confidential informer privilege. Where revelation of an unnamed person's identity would likely lead to disclosure of the identity of a confidential informant, the request for disclosure of the identity of that unnamed person must be judged accordingly. *See Commonwealth v. Miller*, 513 Pa. 118, 518 A.2d 1187, 1192–95 (1986) (holding that names of persons anonymously referred to in affidavit for search warrant as having been previously arrested due to informant's "tips" need not be disclosed because such information would jeopardize informant's safe-

ty). Courts have endeavored to protect the disclosure of information that would lead to the disclosure of the informant's identity. *See Roviaro*, 353 U.S. at 60, 77 S.Ct. at 627; *Bowman Dairy Co. v. United States*, 341 U.S. 214, 221, 71 S.Ct. 675, 679, 95 L.Ed. 879 (1951); *see also* Model Code of Evidence Rule 230 (1942); 8 John Henry Wigmore, *Evidence in Trials at Common Law* § 2374, at 765 (McNaughton rev. 1961). In the present case, although the prosecution alleges that disclosure of the unnamed person's identity will result in identification of the confidential informant, the prosecution does not buttress those allegations in any way. Such a conclusory

er privilege protects the anonymity of persons *who furnish law enforcement officers with information* relating to crimes. *Roviaro*, 353 U.S. at 59, 77 S.Ct. at 627; *Bueno*, 646 P.2d at 935. The unnamed person did not furnish the Pueblo police with any information. Rather, if Officer Luizza's affidavit is taken as true, the unnamed person participated in criminal activity without the knowledge or sanction of the police. We discharge the rule to show cause as to the unnamed person and uphold the district court's order requiring disclosure of the identity of the unnamed person.[3]

## IV

The Kressins contend that disclosure of the identities of the confidential informant and the unnamed third party is necessary for fair adjudication of their suppression motion. After conducting a veracity hearing and striking false statements in the affidavit supporting the search warrant, the district court heard arguments on the Kressins' motions to suppress and held that probable cause supported the issuance of the warrant and the search. Neither of the Kressins has challenged the district court's probable cause determination, and that issue is not properly before this court.

Disclosure of the informant's identity is warranted only if the Kressins establish a "reasonable basis in fact to believe the informant is a likely source of relevant and helpful evidence" essential to the determination of guilt or innocence. *Bueno*, 646 P.2d at 936; *Villanueva*, 767 P.2d at 1222. They have not done so.[4]

On review of a district court's order to disclose the identity of a confidential informant, "we must determine if there is evidence in the record to support the [district] court's ruling." *People v. District Court*, 767 P.2d at 1214. Assuming that the Kressins met their initial burden for disclosure as set forth in *Bueno*, 646 P.2d at 936, we examine the factors relevant to the balancing test:

> [W]hether the informant was an eyewitness and earwitness to the criminal transaction and whether the informer himself is available or could, in the exercise of reasonable diligence, be made available; whether other witnesses to the transaction are in a position to testify; the likelihood that the testimony of the informer will vary significantly from that of other available or potentially available witnesses; whether the defendant himself knows the identity of the informant or could without undue effort discover his identity; whether

statement must be afforded scant weight when balancing the competing interests of the prosecution and the defendant.

3. On the record before us, Steven Kressin neither filed a motion nor sought disclosure of the identity of the unnamed person. In its original order, the district court granted Sylvia Kressin's motion for disclosure of the identity of the unnamed person. However, in a later order, the district court advised the prosecution to disclose the names of both the informant and the unnamed person or face dismissal of the cases against both defendants.

4. Sylvia Kressin argues that her case falls within both *Bueno* exceptions to the informer privilege, claiming disclosure is necessary for fair adjudication of her suppression motion and essential to her defense. *See Bueno*, 646 P.2d at 935–36. In his brief to show cause, Steven Kressin argues only that disclosure is necessary to support his motion to suppress. However, in his motion to divulge the confidential informant, he claimed

that "the confidential informant has information which is necessary and crucial to the defense."

An original proceeding is not an appeal, *see Jones v. District Court*, 780 P.2d 526, 528 (Colo. 1989), and is limited to reviewing whether the district court "is proceeding without or in excess of its jurisdiction," C.A.R. 21, or abused its discretion without adequate appellate remedy. *People v. District Court*, 868 P.2d 400, 403 (Colo. 1994). In this original proceeding, the prosecution, as petitioner, bears the burden of establishing grounds for relief. *See Miller v. District Court*, 737 P.2d 834, 840 (Colo.1987). Steven Kressin raised the argument before the district court, and the record before us does not indicate that he abandoned it there. *Contra People v. Walters*, 768 P.2d 1230, 1233 n. 1 (Colo.1989) (refusing to address whether disclosure of the informant was necessary for a determination of guilt or innocence where the defendant asserted that ground for disclosure in his motion for disclosure but did not raise it at the motions hearing). Accordingly, we will consider the arguments which were before the district court when it ordered disclosure.

the informant was deeply or only peripherally involved in the criminal transaction. *People v. District Court,* 767 P.2d at 1214 (citation and internal quotation marks omitted). The court may also consider the safety and welfare of the informant. *See id.* at 1216. No single factor is determinative. *Id.* at 1214.

 The record in this case establishes that the district court abused its discretion by ordering that the prosecution disclose the confidential informant's identity or face dismissal of the charges. " 'When all the evidence discloses that the informant was an informant and nothing more, the prosecution should not, as a general rule, be required to reveal his identity.' " *Bueno,* 646 P.2d at 937 (quoting *People v. Langford,* 191 Colo. 87, 90, 550 P.2d 329, 331 (1976)). The informant in this case is neither an eye nor ear witness. The record does not indicate that the informant ever saw the Kressins, entered their residence, or participated in or witnessed the charged conduct. Although the informant may have had reason to believe that the Kressins possessed and were selling methamphetamine, that belief does not transform the informant from a mere tipster to a "likely source of relevant and helpful evidence" essential to the question of guilt or innocence. *See Bueno,* 646 P.2d at 936; *People v. Del Alamo,* 624 P.2d 1304, 1305–07 (Colo.1981) (holding that the district court properly withheld an informant's identity where the informant did not witness defendant's narcotics sales but informed police of the transactions, and where the informant did not witness matters on which the district court received evidence).[5] At best,

the informant was only peripherally involved in *previous* criminal transactions with the Kressins and not at all involved in the criminal conduct with which they are charged.

If the unnamed person does testify, the informant's version of events might vary from and be used to impeach the testimony of the unnamed person. However, the testimony of the unnamed person is not essential to the prosecution's case, *see Del Alamo,* 624 P.2d at 1307–08 (holding that circumstantial evidence is sufficient to prove specific intent for a different narcotics violation involving possession with intent to sell), and the possibility of impeaching the unnamed person does not establish the defendants' need for disclosure of the informant's identity. *See People v. District Court,* 767 P.2d at 1208 (refusing defendant's claim that disclosure was required to impeach the prosecution's star witness).

Finally, the prosecution has expressed concern over the informant's safety if identified. Such a bald assertion will not, of itself, preclude disclosure. However, concern for the informant's safety does weigh against disclosure.

Here, the importance of revealing the informant's identity is outweighed by the public's interest in the protection of informants. Both defendants have the right to file an additional or supplemental motion if more information regarding the informant's relationship to the offense becomes known. If the prosecution offers evidence concerning the informant at trial, the court may in its discretion consider a further motion for dis-

---

5. The facts in *Del Alamo* approximate those in the present case, although the procedural posture is different. Del Alamo appealed his conviction for possession of heroin for sale with the intent to aid or induce another to use or possess the drug based, in part, on the district court's refusal to order disclosure of the identity of a confidential informant. *Del Alamo,* 624 P.2d at 1306. The informant in *Del Alamo* advised the police that Del Alamo was selling heroin at a bar. *Id.* at 1305. The police then placed Del Alamo under surveillance. *Id.* During the surveillance, the informant called the police and stated that Del Alamo offered to sell him heroin. *Id.* The police obtained a warrant and searched Del Alamo's vehicle. *Id.* at 1306. Based on that evidence, the police arrested Del Alamo and

charged him with the above-stated crime. *Id.* Del Alamo was tried and convicted. *Id.* At trial, the judge excluded all evidence of the transactions inside the bar and of the informant's phone call to the police. *Id.* at 1307. We held that the informant's identity was properly withheld because the transactions involving the informant were not admitted as evidence and because Del Alamo had not shown that any of the relevant factors mandated disclosure. *Id.* Similarly, the informant here did not participate in the charged conduct but merely informed the police of it. The informant did not personally purchase narcotics from the defendants, nor witness any sale or possession. In short, like Del Alamo, the defendants here have failed to show that the relevant factors mandate disclosure.

closure, *see Bueno,* 646 P.2d at 938, or provide another remedy to ensure the defendants' right to a fair trial. *See People v. District Court,* 767 P.2d at 1216 n. 10. Accordingly, we make the rule to show cause absolute and conclude that the prosecution need not disclose the informant's identity to prosecute the Kressins.

V

For the foregoing reasons, the rule is made absolute as to the district court's order requiring disclosure of the confidential informant's identity. The rule is discharged with respect to the district court's order requiring disclosure of the unnamed person's identity. We direct the district court to conduct further proceedings consistent with this opinion.

