NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*
*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections @ akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

DARIN JOHN CLEVELAND,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-12932
Trial Court No. 3AN-14-09982 CR

O P I N I O N

No. 2669 — July 2, 2020

Appeal from the Superior Court, Third Judicial District, Anchorage, Michael D. Corey, Judge.

Appearances: Emily Jura, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Hazel C. Blum, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Kevin G. Clarkson, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge ALLARD.

Darin John Cleveland was convicted of second-degree sexual assault after he vaginally penetrated E.C. while she was passed out on her friend's living room floor.[1]

---

[1]   AS 11.41.420(a)(3).

As part of the investigation, police obtained a *Glass* warrant to record a conversation between E.C. and Cleveland, but the *Glass* warrant inadvertently stated that the conversation would take place between E.C. and "Darren T. Cleveland," a real and different person. The warrant was executed, and the conversation between E.C. and the defendant, Darin John Cleveland, was recorded. During the recorded conversation, Cleveland made inculpatory statements and apologized for his conduct.

Prior to trial, Cleveland moved to suppress the *Glass* recording on the ground that it named "Darren T. Cleveland," rather than "Darin John Cleveland." The superior court denied Cleveland's motion to suppress. Cleveland now appeals that ruling.

For the reasons we explain in this opinion, we agree with the superior court that the fact that the *Glass* warrant named "Darren T. Cleveland" did not require suppression of the *Glass* recording. We therefore affirm Cleveland's conviction for second-degree sexual assault.

*Background facts*

On October 31, 2014, E.C. was drinking with a friend at an Anchorage bar when she ran into another friend and her friend's boyfriend, Darin Cleveland. E.C. had previously met Cleveland, and the two were distant cousins. The group of four hung out for the remainder of the night, eventually ending the evening at one of their residences. E.C. passed out, and when she awoke, Cleveland was behind her, penetrating her vagina with his penis.

Shortly after he left the house, Cleveland called E.C. on the phone, apologizing for his conduct and asking her "not to call cops and press charges on him." After speaking with Cleveland, E.C. called 911 and reported the sexual assault. E.C. met

with a police officer, Detective Jade Baker, and provided Cleveland's name and phone number, but she did not spell out his name.

Detective Baker applied for a *Glass* warrant to record a future conversation between E.C. and Cleveland. In preparing the warrant application, Detective Baker searched two state databases for what he believed to be the proper spelling of Cleveland's name: "Darren Cleveland." Detective Baker's search returned a single result: "Darren T. Cleveland." Believing this to be the person E.C. had described, Detective Baker named Darren T. Cleveland in the *Glass* warrant. Thus, on its face, the warrant stated that, in November 2014, Darren T. Cleveland was expected to make statements about the sexual assault to E.C. As part of the warrant application, Detective Baker included an affidavit summarizing what E.C. had told him about the assault, including that Cleveland called E.C. after the assault to apologize, that he told her not to call the police, and that he asked "if they could meet somewhere and talk about it."

A magistrate granted the *Glass* warrant on November 1, 2014, and, that same day, E.C. used her cell phone to contact Cleveland — *i.e.*, Darin John Cleveland, the defendant in this case. The phone call was recorded, and Cleveland again made inculpatory statements and apologized for his conduct.

Prior to trial, Cleveland moved to suppress the *Glass* recording on the ground that the warrant named a different person, Darren T. Cleveland. The superior court, relying on *Johnson v. State*, rejected this argument.[2] In *Johnson*, a case involving a premises search of a cabin that was described in the warrant as green when it was actually red, the Alaska Supreme Court held that "if there is no reasonable probability that the wrong premises will be searched, the description is sufficient."[3] Applying that

---

[2]    *Johnson v. State*, 617 P.2d 1117 (Alaska 1980).

[3]    *Id.* at 1125.

standard to the *Glass* warrant in Cleveland's case, the superior court determined that there was no reasonable probability that the wrong conversation would be recorded. It therefore refused to suppress the *Glass* recording.

Cleveland now appeals.

*The superior court did not err in refusing to suppress the <u>Glass</u> recording*

In *State v. Glass*, the Alaska Supreme Court held that police must obtain a warrant before secretly recording a conversation between a police informant and the subject of a criminal investigation.[4] Under Article I, Section 14 of the Alaska Constitution, a warrant must "particularly describ[e] the place to be searched, and the persons or things to be seized." The basic purpose of the particularity requirement is to "prevent generalized or overbroad searches or seizures."[5] The required degree of particularity is difficult to state with precision, as it "must be determined by the totality of the circumstances in each case."[6] In the context of *Glass* warrants, we have held that this goal is usually accomplished if the warrant "state[s] with reasonable specificity the time and subject matter of the anticipated conversation, as well as the person or persons with whom the conversation will occur."[7]

Cleveland argues that the *Glass* warrant in his case violated the particularity requirement. Cleveland does not claim, however, that the *Glass* warrant failed to state "with reasonable specificity the time and subject matter of the anticipated conversation, as well as the person or persons" involved. Rather, Cleveland argues that the *Glass*

---

4   *State v. Glass*, 583 P.2d 872 (Alaska 1978).

5   *Jones v. State*, 646 P.2d 243, 248 (Alaska App. 1982).

6   *Namen v. State*, 665 P.2d 557, 560 (Alaska App. 1983).

7   *Jones*, 646 P.2d at 248.

warrant could not be executed against him because it named a different "target" — Darren T. Cleveland.

In making this argument, Cleveland relies on a line of cases holding, according to Cleveland, that "where a search warrant 'incorrectly' lists the place to be searched — and where no other 'correct' description of the place to be searched is contained in the warrant — the executing officer cannot search a different place simply because it was their subjectively intended target."

We agree with Cleveland that this is an accurate statement of prevailing authority. In *People v. Royse*, for example, the Colorado Supreme Court, writing about premises searches, held:

> To describe the place to be searched with particularity as is required, certainly means that if the place has an established street address, and this is the only method of description utilized, the correct address, and only the correct address, will suffice. In our view, this is a self-evident constitutional requirement in those cases where search warrants utilize street numbers and street names as a means of describing the place to be searched.[8]

We disagree, however, with Cleveland's assertion that this is the appropriate rule to apply in his case. Our disagreement stems from Cleveland's implicit assertion that the target of a *Glass* warrant — *i.e.*, the person, place, or thing to be searched or seized — is a person. If this assertion were correct, we would agree with Cleveland that the *Glass* warrant itself, which only contained an incorrect name and no other description of Cleveland, could not be executed against the correct (*i.e.*, intended) Cleveland, for the same reason that a warrant for a premises search that only contains an incorrect address and no other description cannot be executed against the correct address.

---

8   *People v. Royse*, 477 P.2d 380, 382 (Colo. 1970) (en banc).

But Cleveland's implicit assertion that the target of a *Glass* warrant is a person is incorrect. As we have previously explained, a *Glass* warrant does not authorize the search of a place or person, but rather is "most accurately . . . described as a warrant only for the seizure of *conversation* from a person."[9]

Because Cleveland is incorrect when he asserts that the target of a *Glass* warrant is a person, he is also incorrect when he asserts that the warrant in his case only contained an incorrect name and no other description of the target. Rather, the face of the warrant contained three other important pieces of information describing its target: (1) the anticipated conversation would occur in November 2014; (2) the other participant in the conversation would be E.C.; and (3) the subject matter of the conversation would be sexual assault.[10]

In light of this additional description of the target of the *Glass* warrant, the correct test, as the superior court recognized below, comes from the Alaska Supreme Court's opinion in *Johnson v. State*.[11] In *Johnson*, the search warrant at issue described the place to be searched as being situated at "mile 4 Douglas, being a green cabin approximately on the right side of the highway."[12] As it turned out, the cabin was red, not green, and was located a short distance from the 4 mile marker.[13] Despite these

---

[9] *Jones*, 646 P.2d at 247 (emphasis added).

[10] As noted above, the warrant application also included an affidavit from Detective Baker describing what E.C. told him about the assault. The parties dispute whether this information can be considered in evaluating whether the warrant was sufficiently particular. Because we conclude that the warrant was sufficiently particular on its face, we need not resolve that issue.

[11] *Johnson v. State*, 617 P.2d 1117 (Alaska 1980).

[12] *Id.* at 1125.

[13] *Id.*

inaccuracies, the supreme court upheld the search, noting that "[t]echnical accuracy is not required" and that the particularity requirement is typically satisfied "if the description is such that the officer with the search warrant can, with reasonable effort, ascertain and identify the place intended."[14]  The supreme court concluded that the description was sufficient, especially given that there were no green cabins in the area.[15]

We reach the same conclusion in this case.  The warrant in this case described an anticipated conversation occurring in November 2014 between Darren T. Cleveland and E.C. that would reveal information about a sexual assault.  Although this description inadvertently contained an incorrect spelling of Cleveland's first name and an incorrect middle initial, we agree with the superior court that there was no reasonable probability the wrong conversation would be recorded.  Like the lack of any nearby green cabins that could have accidentally been searched in *Johnson*, there was no reason to believe E.C. was likely to have a conversation with Darren T. Cleveland that could have accidentally been recorded.

We note, however, that in issuing its ruling below, the superior court suggested that "[t]he name on the warrant had no bearing on who [E.C.] called."  Echoing this statement, the State contends on appeal that "[u]nder the circumstances in this case, in which E.C. *personally knew* the target of the conversation she would be staging, it was superfluous to even provide Cleveland's name in the first place."

These assertions are questionable, and they prompt us to acknowledge two significant limitations on our holding.  First, there was no dispute in this case that the *Glass* warrant was sufficiently particular on its face.  As noted above, we have previously held that a *Glass* warrant is sufficiently particular if it "state[s] with

---

[14]  *Id.* (quoting *Steele v. United States*, 267 U.S. 498, 503 (1925)).

[15]  *Id.*

reasonable specificity the time and subject matter of the anticipated conversation, as well as the person or persons with whom the conversation will occur."[16] Although we cannot anticipate every possible case, it is unlikely that a *Glass* warrant would be sufficiently particular on its face if it completely failed to name (or otherwise describe) the person with whom the conversation was expected to occur. We therefore disagree with the State's assertion that it was "superfluous" to provide Cleveland's name on the warrant.

Second, the *Glass* warrant at issue here contained a name that closely matched the name of the intended subject. Again, we cannot anticipate every possible case, but it stands to reason that if the warrant had contained an entirely different name, the likelihood that the wrong conversation would be recorded would increase substantially.

With these limitations in mind, the judgment of the superior court is AFFIRMED.

---

[16] *Jones v. State*, 646 P.2d 243, 248 (Alaska App. 1982).